33187.   SACHS *et al. v.* JONES.

DECIDED FEBRUARY 9, 1951.   REHEARING DENIED MARCH 2, 1951.

*Grant, Wiggins, Grizzard & Smith,* for plaintiffs.

*E. H. Stanford,* for defendant.

WORRILL, J. (After stating the foregoing facts.) The trial court seems to have directed the verdict on the theory that the lease involved in this case is but a continuation of the old rent contract, and that the plaintiffs by their long course of dealing with the defendant and in accepting the rent regularly one, two or three days late, were estopped to insist on prompt payment of the rent, and further on the theory that the provision of paragraph 8 of the lease contract regarding three days' written notice provided the only means whereby the landlords could terminate the lease or repossess the premises for a default or breach of the lease provisions by the defendant, and that the

evidence and stipulations show that the plaintiffs did not follow this provision, and that therefore the defendant did not have proper notice before being dispossessed.

While lease contracts, like other contracts, where the construction is doubtful, must be construed against the party drawing and executing them (Code, § 20-704 (5)), nevertheless,' a contract should not be torn apart and construed in pieces, but the court should look to the entire instrument and so construe it as to reconcile its different parts and reject a construction which leads to contradiction, in order to ascertain the true intention of the parties, which is the real purpose of the judicial construction of contracts. Code, §§ 20-702 and 20-704 (4); *Skinner* v. *Bearden,* 77 *Ga. App.* 325 (48 S. E. 2d, 574). Construing the contract in question, then, what seems to have been the real intention of the parties? Viewed in its proper light, let us say at the outset, that there is no real inconsistency or irreconcilability in the different parts of the contract here involved. However, we think the ruling of the trial court makes it apparent that the court either construed the contract with the view that paragraph 21 was contradictory to the provisions of paragraph 8, and controlled by that paragraph, or overlooked the provisions of paragraph 21 entirely. This paragraph provided that all the rights and privileges conferred under the contract to the parties were cumulative but not restrictive of those given by law. Under this clause, the provision of paragraph 8, calling for a procedure whereby the landlords might re-enter without legal process after three days had elapsed from a written notice by the landlords of the tenant's default in the payment of the rent, was in addition to any remedies provided for by law, and the landlords were perfectly at liberty to proceed according to law to dispossess the tenant unless they were barred for some other reason.

It is conceded by the landlords that prior to the execution of this lease, and during a part of the continuance of the first lease, they permitted and acquiesced in the tenant's habit of paying the rent one, two or three days late. Conceding that such a custom constituted a waiver by the landlords, in the absence of anything to the contrary appearing, of their right to insist upon the prompt payment of the rent on the first of each month,

under the old lease, or a mutual voluntary disregard by the parties of its terms (Code, § 20-116) the tenant was entitled to receive reasonable notice of the landlords' intention to insist on strict adherence to the terms of the written contract. Whether the tenant received such reasonable notice under the circumstances was a jury question. The plaintiffs' attorney testified that he informed the defendant of the plaintiffs' intention to insist upon the payment of the rent promptly upon the first day of the month. The defendant testified that he "did not recall" the plaintiffs' counsel making such statement. If plaintiffs' counsel did, it was enough to charge the defendant with notice of the landlords' intention to assert their rights strictly according to the written contract, and he cannot defend on the ground of the prior custom. This question should have been submitted to the jury.

The plaintiffs being entitled to pursue statutory remedies in dispossessing the tenant, they had the right to refuse to accept the tender of the rent if it was not made in time and in accordance with the terms of the lease, or with the terms acquiesced in by the plaintiffs by custom. The plaintiffs alleged, and the stipulations showed, a demand for possession by the landlords and a refusal to deliver possession by the tenant. The only question raised was whether under the terms of the contract and the action of the parties the rent was in fact due and unpaid or properly refused by the landlords when tendered late, or whether such tender was in fact in time. Under the facts appearing this was at least a jury question, and the trial court erred in directing the verdict for the defendant, and in overruling the plaintiffs' motion for a new trial complaining of that ruling, and the Appellate Division erred in thereafter affirming that order of the trial judge.

*Judgment reversed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*