## 42534. TIDWELL v. BANK OF TIFTON.

PANNELL, Judge. In a suit by a bank against the maker of a check payable to a third party, a copy of the check was attached as an exhibit showing an endorsement in blank by the payee and the petition alleged the bank is a holder in due course under Section 109A-3—302 of the Georgia Uniform Commercial Code because it advanced the amount of the check to the payee, part in cash and part deposited to the payee's account in the plaintiff bank, and that the check, when presented by it for payment to the bank on which it was drawn, was returned because payment had been stopped by the maker and prayed judgment for the amount of the check with interest from a certain date, and the defendant answered that for the lack of sufficient information she could neither admit nor deny such allegations but did specifically deny an allegation of the petition that defendant was indebted to the bank in the amount of the check plus interest from a specified date, and on motion for summary judgment by plaintiff, the affidavit of an officer of the plaintiff bank as to the facts alleged contained, just before the signature of the affiant, the following: "The above and foregoing is true to the best of my knowledge and belief," and the affidavit of the defendant admitted the execution and delivery of the check

to the payee named therein and set out that she had stopped payment on such check but nowhere set forth any defense thereto other than that the stop-payment order had been issued. *Held:*

1. Irrespective of whether or not the affidavit of the officer of the bank could be considered on the motion for summary judgment (*Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *Planters Rural Tel. Coop. v. Chance*, 108 Ga. App. 146, 148 (132 SE2d 90)) and irrespective of whether the plaintiff bank might be a holder in due course for value under § 109A-3—302 of the Georgia Uniform Commercial Code (*Pike v. First Nat. Bank of Rome*, 99 Ga. App. 598, 605 (109 SE2d 620); *Pazol v. Citizens Nat. Bank of Sandy Springs*, 110 Ga. App. 319, 322 (138 SE2d 442)), it appears without dispute from the pleading and the affidavit of the defendant that the plaintiff bank is the holder of said check and that there is no defense thereto.

"The holder of an instrument whether or not he is the owner may transfer or negotiate it and, except as otherwise provided in [Section] 109A-3—603 on payment or satisfaction, discharge it or enforce payment in his own name." § 109A-3—301, Georgia Uniform Commercial Code. None of the provisions of § 109A-3—603 of the Georgia Uniform Commercial Code prevents a recovery by the holder here. The bank's only disability is that it takes the instrument subject to the defenses set forth in Section 109A-3—306 of the Georgia Uniform Commercial Code, none of which are pleaded or proven. While the drawer of a check has the right to stop payment of it at any time before it has been certified or paid by the drawee, the drawer remains liable, unless he has a defense which is good against the holder. Paton's Digest, p. 3447; Bank of Venice v. Clapp, 17 Cal. App. 657 (121 P 298); Guild v. Eastern Trust & Bkg. Co., 122 Me. 514 (121 A 13); Brady, The Law of Bank Checks, pp. 363, 364. Accordingly, the trial court did not err in granting a summary judgment for the plaintiff as to the amount of the check sued upon.

2. However, since the evidence adduced at the hearing on the motion for summary judgment did not show when the check was presented for payment and payment refused other than that this occurred before the suit was brought, the awarding of interest from April 21, 1966, was not authorized by the pleadings or the evidence and the allegation that the defendant

was indebted to the plaintiff for interest from said date being denied by the answer, thus making a material issue of fact in relation thereto, the judgment is therefore affirmed with direction that the plaintiff write off all interest provided for prior to the time of filing suit on May 5, 1966, otherwise the judgment as to interest shall stand reversed.

*Judgment affirmed with direction.* *Bell, P. J., and Jordan, J., concur.*

ARGUED JANUARY 6, 1967—DECIDED APRIL 17, 1967.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Floyd H. Wardlow, Jr.,* for appellant.

*Reinhardt, Ireland, Whitley & Sims, Tyson Elliott,* for appellee.