### 46450. BOB'S RADIO SERVICE, INC. v. F. P. PLAZA, INC. et al.

BELL, Chief Judge. This is a suit to recover the balance on a check issued by the defendant. The lower court granted the plaintiff's motion for summary judgment. *Held:*

It is undisputed that defendant leased from plaintiff landlord storeroom space in the latter's shopping center. Candler and Griffith, a partnership and managers of the shopping center, pursuant to defendant's order, installed a heating and air conditioning unit in the leasehold premises. In payment for the heating and air conditioning unit and the monthly rental due, the defendant issued a check in the amount of $2,730 payable to Candler

and Griffith which was negotiated by blank endorsement to plaintiff who in turn endorsed it for deposit to its bank. The check was presented for payment to the drawee bank and refused because of insufficient funds. After notice of dishonor the defendant paid the monthly rental of $530 but refused to pay the $2,200 balance which represented the cost of the heating and air conditioning unit. By answer and a supporting affidavit the defendant asserted that payment for the heating and air conditioning unit was made under a mistake of fact; that plaintiff was required to pay for this item under the terms of the lease contract.

As there is no prima facie showing that plaintiff is a holder in due course, plaintiff is therefore only a holder of the check. "The holder of an instrument whether or not he is the owner may . . . enforce payment in his own name." *Code Ann.* § 109A-3—301. Not being a holder in due course the plaintiff took this instrument subject to the defenses set forth in *Code Ann.* § 109A-3—306. The drawer of a check is liable to the holder unless he has a defense which is good against the holder. *Tidwell v. Bank of Tifton,* 115 Ga. App. 555, 556 (155 SE2d 451). A copy of the lease is included in the record. Section III of Exhibit C of the lease entitled "Landlord's Work" provides in part that "Landlord will incorporate in the construction of the Demised Premises at Landlord's cost and expense the following items: . . ." and then enumerates thirteen separate items. A heating and air conditioning unit is not one of the listed items. Section IV of Exhibit C is entitled: "Tenant's Work" and provides: "Any work beyond or in addition to that set forth in Section III of this Exhibit C shall be considered as Tenant's Work and cost and expense of same shall be paid for by the tenant." The only mention of heating and air conditioning found anywhere in the lease contract are provisions that state in general terms the minimum and maximum temperatures the heating and air conditioning system must meet and that the tenant is obligated to maintain in

good order and repair at its own expense the heating and air conditioning systems as well as other specified equipment and fixtures. While it is true that any ambiguity or doubtful provisions in a lease are to be resolved against the lessor (*Farm Supply Co. of Albany v. Cook,* 116 Ga. App. 814 (159 SE2d 128)), the lease contract must be construed as a whole by the court and not torn apart and construed in pieces. *Sachs v. Jones,* 83 Ga. App. 441, 444 (63 SE2d 685). The contract when considered as a whole and even in a light most favorable to the defendant tenant does not contain any provision that plaintiff was obligated to pay for the installation of the heating and air conditioning system. Consequently, as per the terms of the provision on tenant's work, the cost of the system was the obligation of the tenant. The provisions of the lease expressly mentioning the heating and air conditioning system cannot be reasonably construed or interpreted to bring about the result desired by defendant. The obligation of defendant to maintain the system in good order and repair and to maintain certain temperatures cannot be construed as placing the cost of installation upon the plaintiff. Under the facts, the defendant has no defense that would be good against the plaintiff holder. The trial court properly granted plaintiff's motion for summary judgment.

*Judgment affirmed. Pannell and Deen, JJ., concur specially.*
ARGUED SEPTEMBER 7, 1971—DECIDED DECEMBER 2, 1971.

*Preston L. Holland,* for appellant.
*Stokes, Boyd & Shapiro, J. Ben Shapiro, Jr.,* for appellees.

PANNELL, Judge, concurring specially. Irrespective of the question of whether plaintiff is a mere holder or a holder in due course, the plaintiff was entitled to summary judgment because the evidence demanded a finding that the defendant had no defense to the action on the check and was liable therefor to the plaintiff.

DEEN, Judge, concurring specially. My objection is directed to the statement in the majority opinion that "there

is no prima facie showing that plaintiff is a holder in due course" of the check in question. My reason for voicing the objection is that I feel the Court of Appeals is occasionally tempted to ignore statements in pleadings or affidavits used as a basis for decision in summary judgments with the result that genuine issues of fact may be disregarded. The "vehicle" by means of which this is done is to label the statement a conclusion. Frequently the statement is general, but it is not for that reason alone a conclusion, and to term it such results in turning a blind eye to genuine issues of fact.

I think there is in this case a jury question as to whether the plaintiff is a holder in due course. In the first place it is alleged that it was, and the statement was neither admitted nor denied in the answer for want of information. At this point plaintiff is prima facie a due course holder. *Code Ann.* § 109A-3—307(2). The defendant then pleaded a special defense, and the burden was back on the plaintiff. *Code Ann.* § 109A-3—307(3). The affidavit of Asa G. Candler, V, partner of the plaintiff Candler & Griffith and president of the plaintiff F. P. Plaza, Inc. swore that on a stated date the check was *negotiated* to F. P. Plaza, for value, in good faith, without notice that it was overdue or that it had been dishonored or that there was any defense or claim against it on the part of any person. Is this such a statement as can be absolutely ignored when not controverted or even denied by the other side? "Good faith is presumed until questioned by appropriate pleadings." *Pazol v. Citizens Nat. Bank,* 110 Ga. App. 319, 323 (138 SE2d 442). Defendant does not challenge plaintiffs' good faith, and the statement that the negotiation was in good faith is in my opinion not a conclusion. I feel the same about the sworn statement that the check was "negotiated for value," especially in the absence of any denial that this is so, since the affidavit is made by the person best able to speak for the corporation and the partnership, and especially since this affidavit is supported by the affidavit of another person, the leasing agent. Granting that the statement is general,

this does not limit it to being a conclusion if the person making it is in a position of knowledge. Cf. *Salters v. Pugmire,* 124 Ga. App. 414 (184 SE2d 56), where it is stated that a statement that one is the agent of another is a statement of fact if made by one a party to the contract, but a conclusion if made by a third party. This leaves the third statement, that at the time of the negotiation the indorsee had no notice that it was overdue, that it had been dishonored, or that any person had any defense or claim against it. I know of no less conclusory method of saying I did not know a certain fact than to say that at the time in question I had no notice or knowledge of that fact. I do not think the statement should be taken as conclusory.

Therefore, I think that in the present state of the pleadings the plaintiff F. P. Plaza has raised a jury issue as to whether it is a holder in due course. There was *at least* a prima facie showing to this effect.