27472.  NORTH SPRINGS SHOPPING CENTER et al.
v. TUSTIAN et al.

ARGUED OCTOBER 10, 1972—DECIDED NOVEMBER 9, 1972.

*Jones, Bird & Howell, Alfred R. Roache, Jr., Joseph W. Crooks, Ruth H. Gershon,* for appellants.

*D. W. Rolader,* for appellees.

GRICE, Presiding Justice. This appeal arises from a controversy between a landlord and a tenant as to whether a sewer service charge is a utility to be paid by the tenant under the terms of a lease agreement, or whether it is a tax or assessment against the property which is chargeable to the owner.

The appellants are owners of the North Springs Shopping Center, which is located in the unincorporated area of Fulton County, Georgia. On October 11, 1967, they entered into a written lease agreement with Franchise Distributors, Inc., which sublet the premises to M. W. and Evelyn Mary Tustian, all of whom are appellees herein.

Subsequently, the Board of Commissioners of Fulton County was ordered by State and Federal water pollution control agencies to make certain improvements in the existing sewage system. Accordingly, some four years after the execution of the lease herein, a resolution was enacted by the board (April 21, 1971, as amended March 1, 1972).

The preamble to this resolution recommended that "the issuance of revenue bonds secured by a pledge of sewer service charges and connection fees applicable to those property owners connected to and using the county sewer system is the most fair and equitable method of financing the county's portion of the total cost of such improvements."

It further recited that "the adoption of the following resolution is calculated to provide sufficient revenues to operate and maintain the sewerage system, to support the debt servicing on revenue bonds required to be issued to meet the immediate improvement needs of said sewerage system and also to provide a basic flow of funds which will support later additions, extensions and improvements to the system which will be required."

The body of the resolution stated that the revenue received from the collection of such charges would be used to defray the operation and maintenance costs of the sewer system and that for these purposes a charge would be "assessed to each premise or facility served by connection with the sewerage system of said county" of 65 cents per 1,000 gallons of water consumed.

Paragraph 2 (h) provides that "All of said charges and assessments levied under this resolution shall become liens upon the property benefited . . ."; that the owner of the property is chargeable; and in case of failure to pay the assessment, "execution shall issue in rem against the property benefited by the service, and in personam against the owner thereof . . ."

The appellants, as owners of North Springs Shopping Center, were assessed under the resolution for a sewer service charge based upon the quantity of water used on the entire premises. However, they took the position that the appellees, as tenants, were responsible for this charge as a utility under a provision of the lease agreement, and sent them a bill for a pro-rated share of the water consumed for the months of September, 1971, through February, 1972.

The appellees refused to pay this bill on the grounds that they were not liable to Fulton County for the sewer service charge, or to the appellants under the lease.

Thereafter, the appellants notified the appellees that their refusal to pay this bill constituted a default of the lease and that as a result the lease agreement would be terminated.

The appellees filed in the Superior Court of Fulton

County a complaint under the Georgia Declaratory Judgment Act (Ga. L. 1945, p. 137; 1959, p. 236 et seq.; *Code Ann. Ch.* 110-11), seeking to determine the nature of the sewer service charge and to restrain the appellants from terminating the lease agreement pending a determination of the suit. The amount of the bill charged against them was paid into court.

That court entered a judgment in favor of the appellees, holding in essence: (1) that the complaint stated a claim for relief under the Declaratory Judgment Act based upon an interpretation of the resolution; (2) that the word "charge" in the resolution was intended to mean a tax on the property; (3) that the tenants were not liable to the county or to the landlord for the payment of the charge; (4) that the money paid into court be refunded to the appellees; and (5) that the appellants be permanently enjoined from taking any legal action to evict the appellees for refusal to pay such charge.

In our view, whether the charge or assessment involved here is denominated a tax or utility is immaterial. We consider the terms of the lease agreement to be controlling as to the issue of liability between parties.

The appellants contend that the sewer service charge is a utility for which the appellees are responsible under Paragraph 9 of the lease. It provides that "Lessee shall pay water, gas, electricity, fuel, light, heat and power bills for leased premises, or used by lessee in connection therewith. If lessee does not pay the same, lessor may pay the same and such payment shall be added to the rental of the premises."

As we view this lease, however, it in no way requires the tenant to pay the sewer service charge here. Not only is such payment not expressly provided for, but it could not have been contemplated by the parties since the sewer improvements were not in existence and the assessment for its construction was not enacted at the time of the execution of the lease contract.

Therefore, the trial court was correct in holding that the

refusal to pay such charges did not constitute a violation of the lease contract, and in permanently enjoining the appellants from evicting the appellees from the premises for refusing to pay such charges.

*Judgment affirmed. All the Justices concur.*