## 27749. STRICKLAND v. ROYAL INDEMNITY COMPANY.

HAWES, Justice. An action for damages for the malicious use of civil process cannot be maintained unless it appears that the use of the process of which the complaint is made was wholly without probable cause. An action for malicious abuse of legal process cannot be maintained unless it appears that the defendant sought to employ the process for the accomplishment of some purpose which it was not intended to effect. *Gaines v. Pirkle,* 58 Ga. App. 546 (2) (199 SE 317); *Crawford v. Theo,* 112 Ga. App. 83 (143 SE2d 750); *Georgia Veneer &c. Co. v. Florida Nat. Bank,* 198 Ga. 591, 609 (32 SE2d 465). The prosecution of a suit to

recover on two promissory notes shown to be past due and unpaid, which notes clearly and plainly show that they were executed by the defendant in his individual capacity, with nothing on the face thereof showing that he signed them in the capacity of an agent *(Bostwick Banking Co. v. Arnold,* 227 Ga. 18, 22 (178 SE2d 890)) is not, under the foregoing authorities, a malicious use of process nor is it a malicious abuse of process, where it does not appear that the plaintiff therein had any purpose in prosecuting such suit other than to collect the sums due on said notes. Accordingly, the complaint in the instant case, the same being a claim for damages on account of the alleged malicious use of process and for alleged malicious abuse of process by the defendant in prosecuting in the State Court of DeKalb County the suit against the plaintiff to recover on two notes, as above indicated, failed to state a claim for relief and the trial court properly dismissed the same on motion. *Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1973 — DECIDED APRIL 13, 1973.

*Thomas H. Antonion,* for appellant.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr.,* for appellee.