49113, 49114. WOFAC CORPORATION et al. v.
HANSON; and vice versa.

ARGUED FEBRUARY 12, 1974 — DECIDED APRIL 11, 1974 —
REHEARING DENIED MAY 7, 1974.

King & Spalding, Jack H. Watson, Jr., William A. Clineburg, Jr., for appellants.

Nall, Miller & Cadenhead, Gerald A. Friedlander, for appellee.

STOLZ, Judge.

"There cannot be an express and implied contract for the same thing existing at the same time between the same parties. It is only when the parties themselves do not expressly agree, that the law interposes and raises a promise; and no agreement can be implied where there is an express one existing." *Ramsey v. Langley,* 86 Ga. App. 544, 549 (4) (71 SE2d 863). See also *Davenport v. Pope,* 96 Ga. App. 799 (101 SE2d 614). The evidence here conclusively shows that the plaintiff's right to recovery, if any, of commissions for contracts closed after his termination depends upon an express contract which specifically covers this situation.

"Construction of the contract is for the court unless, after application of all applicable rules of construction the ambiguity remains." *Chandler v. Gately,* 119 Ga. App. 513, 522 (167 SE2d 697) and cit. The evidence demanded a finding that the Kingsport Press contract was not executed, or a purchase order or authorized letter of commitment received, until after the plaintiff's termination. The plaintiff urges the construction of the term "projects" in the employment contract which would include the efforts, plans, designs, proposals, and negotiations leading up to the final agreement and contract, as well as the actual work performed subsequent and pursuant to the execution of the contract. This construction cannot be permitted, as it would eliminate the effect of the last sentence of paragraph E (4), and would entitle the plaintiff to commissions for merely commencing work on proposals which are ultimately accepted. While contracts, where the construction is doubtful, must be construed against the party drawing and executing them, "nevertheless, a contract should not be torn apart and construed in pieces, but the court should look to the entire instrument and so construe it

as to reconcile its different parts and reject a construction which leads to contradiction, in order to ascertain the true intention of the parties, which is the real purpose of the judicial construction of contracts." *Sachs v. Jones,* 83 Ga. App. 441, 444 (63 SE2d 685) and cits.

Hence, under the employment contract itself, the plaintiff was not entitled to the commissions in question as a matter of law. The purported amendment to the contract in the notice of termination was consistent with our construction of the contract, and its efficacy would not be eliminated by a showing that the plaintiff did not ratify it, since it extended, rather than restricted, his rights under the original contract. "The express provision for liability within the time limited implies its exclusion thereafter." *Kenney v. Clark,* 120 Ga. App. 16, 18 (169 SE2d 357). Nor does the showing of what the defendant's officer "supposed" he might have done had he known what would transpire in the future, raise any factual issues. " 'Affidavits containing mere legal conclusions and allegations which would not be admitted into evidence present no issues of fact on a motion for summary judgment.' " *Chandler v. Gately,* 119 Ga. App. 513, supra, p. 518 and cits.; cf. *North Springs Shopping Center v. Tustian,* 229 Ga. 699 (194 SE2d 252).

Accordingly, the trial judge erred in denying the defendant's motion for summary judgment, and properly denied the plaintiff's motion for summary judgment.

*Judgment reversed on the main appeal; affirmed on the cross appeal. Deen and Webb, JJ., concur.*