## 61496. WILLIAMS v. HOUSING AUTHORITY OF COLUMBUS.

BIRDSONG, Judge.

Dispossessory warrant. The appellant Ms. Williams is a tenant of the Housing Authority of Columbus, Ga., appellee herein. Ms. Williams is the single mother of five children and a grandchild living in a non-federally, non-state financially-supported housing project owned and operated by the Housing Authority. Her only income is from Aid for Dependent Children; i.e., welfare. The Housing Authority operated two sections of the public housing in which Ms. Williams lives. One is HUD-subsidized and is subject to federal and state controls. The other is non-subsidized and is run by the Housing Authority, fully supported by the rentals received. Ms. Williams lived in the unsubsidized portion of the development. The Housing Authority established by competent evidence that the manager of the development received a report that Ms. Williams gave a party for her 17-year-old sister, held in Ms. Williams' apartment. The party was attended by a large number of people, ranging in age from subteens to adult age. Alcoholic beverages were available to all, including beer and whiskey. During the continuance of the party, the housing security forces apprehended some teenagers at a location in the housing area very near Ms. Williams' party. A large number of people (200 or more) including a substantial group of the party attendees gathered around the apprehending officers and additional officers were called as back-up. One or more of the young adults who had been at Ms. Williams' party were arrested for causing a near-riot and interfering with the arresting officers. A man seen at Ms. Williams' party was also arrested as the one allegedly inciting the near-riot. The next day the manager had a conference with Ms. Williams and informed her that because of the combined factors of the availability of alcoholic beverages to minors, the near-riot in which a number of her guests participated and the arrest of several of the young adults as well as one man at her apartment who allegedly incited the incident, and because of unidentified past problems the management had had with Ms. Williams, the manager was then giving Ms. Williams a notice of eviction. She was given 30 days' notice and when she did not vacate the apartment, the Housing Authority brought dispossessory proceedings against Ms. Williams as a tenant holding over. Ms. Williams answered the complaint, denying any misconduct and asserting that because her landlord was a publicly owned housing project, she could not be deprived of the right to the use of low-income housing without a hearing, and that she could only be dispossessed following a showing of cause for removal. The Housing

Authority moved the court for summary judgment which was granted. Ms. Williams brings this appeal arguing that she was denied due process of law by being dispossessed without the Housing Authority showing cause or without granting her a hearing to refute any cause that the Housing Authority might allege. *Held:*

In substance, Ms. Williams argues that her entitlement to continued possession of an apartment in a public housing authority, once established, is a vested interest and is an interest that can be terminated only in accord with due process of law guaranteed to her by the Fourteenth Amendment, which is after due notice and following a hearing in which good cause is shown. Her argument continues that because the Housing Authority is created pursuant to state law and is designed to promote better, safer housing for indigent citizens, the Authority is a part of the state and all its actions are subject to due process evaluations and protections.

The lease in question in pertinent part provides the lease shall be automatically renewed for successive terms of one month each at a specified rental. The management (Housing Authority) may terminate the lease at any time by giving the tenant at least thirty (30) days prior notice in writing. The lease also provides that the written document evidences the entire agreement between the Authority and Ms. Williams. There were no other agreements alleged or proven.

We are aware of no state statutes granting to occupants of low income public housing a vested interest in continued occupancy, nor do we perceive that any inalienable rights attach outside the rights created by the lease agreements entered into between the landlord and the tenant. Nor has appellant Ms. Williams cited to us such a statute.

In Lindsey v. Normet, 405 U. S. 56 (92 SC 862, 31 LE2d 36), the Supreme Court held at p. 47 (LE2d): ". . . The Constitution has not federalized the substantive law of landlord-tenant relations, however, and we see nothing to forbid [Georgia] from treating the undertakings of the tenant and those of the landlord as independent rather than dependent covenants. . . ."

At p. 50 (LE2d), it was said: "Appellants argue, however, that a more stringent standard than mere rationality should be applied both to the challenged classification and its stated purpose. They contend that the 'need for decent shelter' and the 'right to retain peaceful possession of one's home' are fundamental interests which are particularly important to the poor and which may be trenched upon only after the State demonstrates some superior interest. . . .

"We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial

remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality, or any recognition of the right of a tenant to occupy the real property of his landlord beyond the term of his lease without the payment of rent or otherwise contrary to the terms of the relevant agreement. Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions. Nor should we forget that the Constitution expressly protects against confiscation of private property or the income therefrom."

In Flamm v. Real-Blt, Inc., d/b/a Ponderosa Acres, 424 U. S. 1313 (96 SC 941, 47 LE2d 77), an application for a stay of a Montana Supreme Court judgment was denied in the absence of a necessary concurrence by justices of that court to grant certiorari because of the express provision in the lease in that case wherein either party could terminate the lease simply by giving the requisite written notice called for in the lease, the landlord having complied with the notice requirement. The housing involved in that case was subsidized housing and the tenant had urged that she was entitled to a showing of good cause and a hearing before the lease could be terminated or before she could be evicted.

"Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Board of Regents v. Roth, 408 U. S. 564, 577 (92 SC 2701, 33 LE2d 548, 561). "The United States Constitution cannot feasibly be construed to require federal judicial review for every [public agency] error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill advised personnel decisions." Bishop v. Wood, 426 U. S. 341, 350 (96 SC 2074, 48 LE2d 684, 693).

In the obvious absence of constitutionally mandated protections, the relationship between a landlord and a tenant is controlled by the provisions of the lease and by Georgia law. In this case the lease clearly provided that the Housing Authority could terminate the lease at any time upon thirty days notice to the tenant. Georgia law provides that a landlord may obtain a dispossessory warrant where a lease has been terminated and possession for the

premises has been demanded and refused. Code Ann. Ch. 61-3. Under Georgia law, the motive of the landlord in seeking possession of its property is immaterial. *Cunningham v. Moore,* 60 Ga. App. 850, 858 (5 SE2d 71).

In this case the manager had a conference with Ms. Williams, informed her of his reasons for terminating her lease and notified her that she would be evicted if she did not sooner move. This was followed by a 30-day written notice of termination. After demand was made for possession and refused by Ms. Williams, the manager sought and obtained a dispossessory warrant. In substance, Ms. Williams does not contest any of these facts. She argues at best that certain of the underlying reasons advanced by the manager for the eviction were not true. But she does not deny the near riot, the prior difficulties with the management, the fact that many persons from her party congregated at the scene of the arrest, that alcoholic beverages were in the hands of attendees of her party of all ages, and that adults at her party were arrested for interference and inciting to riot. Thus there was in essence no dispute before the trial court as to the factual and legal contents of the lease, compliance with the notice requirements of that lease; nor any dispute as to the reasons underlying the management's eviction action, even if that issue had been material *(Cunningham,* supra).

In *Drummond v. Dept. of Fam. &c. Svcs.,* 237 Ga. 449, 452 (228 SE2d 839), the court held: "The Fourteenth Amendment protects life, liberty and property interests from undue interference by the state. Board of Regents v. Roth, 408 U. S. 564 (1972). 'To have a property interest in a benefit, a person clearly must have more than . . . a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.' 408 U. S. at 577."

We are satisfied that appellant's written lease entitling her to the use of non-subsidized public housing did not create in her any constitutionally protected or vested interest in continued occupancy or possession. We have not been made aware of any statute of this state that places a publicly created, owned and managed housing authority in any special category apart from any other landlord-tenant relationship. At most appellant has argued for a unilateral right to such a vested interest. No issue of *material* fact was presented to the trial court. Therefore we conclude that the trial court properly granted summary judgment to the Housing Authority on its possessory warrant. *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED MAY 13, 1981 —
REHEARING DENIED JUNE 4, 1981 ▉▉▉▉▉▉▉▉▉▉▉

*Willie Abrams, M. Ayres Gardner, J. Greg Wolinski, William J. Cobb, John L. Cromartie, Jr.,* for appellant.
*Max R. McGlamry, Joan Swift,* for appellee.