63921. PERIMETER MALL, INC. v. RETAIL SENSE, INC.

DEEN, Presiding Judge.

The appellant landlord received a monthly rent check due from its tenant October 1, 1981, which it deposited and which was returned for insufficient funds. A second deposit produced the same result. At the third trial the bank refused acceptance. Appellant then filed a dispossessory proceeding for nonpayment of rent on October 28, after hand delivering a letter on October 27 which stated in part that the rent had not been paid and that the missive constituted a demand to vacate immediately. The tenant filed an answer based on the premise that it had not received proper notice of nonpayment *prior* to a demand for possession, and paid the delinquent rent into the registry of the court. The trial judge, hearing the case without the intervention of a jury, held in favor of the tenant and this appeal follows.

1. "If the ground for dispossession is non-payment of rent, Code Ann. § 61-301 provides that a landlord may make a demand for possession when the tenant 'shall fail to pay the rent *when the same shall become due.*' (Emphasis supplied.) This right exists apart from any right the landlord may have under a lease to terminate the lease for non-payment of rent. The statute does not impose a requirement that the landlord terminate the lease before instituting dispossessory proceedings where he does so solely on the basis of non-payment of rent. Rather, a close reading of Chapter 61-3 indicates that the intent of the legislature was to provide a landlord with a means to regain possession of premises from a tenant who fails to make timely payment of rent." *Metro Management Co. v. Parker,* 247 Ga. 625, 630 (278 SE2d 643) (1981). It is clear from this decision that where a valid lease exists which does not expressly waive the right given by statute to the landlord, the latter may, when the rent is due and unpaid, seek dispossession by filing a sworn statement of these facts in the proper court.

Section 41 of the lease in question provides as follows: "No reference to any specific right or remedy shall preclude Landlord from exercising any other remedy or from having any other remedy or from maintaining any action to which it may be entitled at law

or in equity." This lease provision together with the settled landlord-tenant law, make it clear that, at least in the absence of express waiver of statutory right, the lease contemplates construction of its provisions in accordance with existing law.

Code § 61-301 requires only a demand for possession under these circumstances. The letter delivered to the tenant was in pertinent part as follows: "You have failed to pay rent for one month. The total amount of rent in arrears is $1,028.73. Under the provisions of Ga. Code Ann., Sect. 61-301, Perimeter Mall, Inc., the owner is now entitled to immediate possession of the premises. Demand is hereby made that you vacate said premises instantly and deliver possession of same to the owner." Under the quoted statute and lease provisions the appellant was accordingly entitled to the issuance of a dispossessory warrant.

2. The trial court's judgment states his reason for holding in favor of the tenant as follows: "Section 40A of the Lease requires the Plaintiff to give Defendant ten days notice of default prior to instituting dispossessory action, including actions for nonpayment of rent. Plaintiff failed to give any notice of nonpayment prior to demanding possession and instituting this action. Accordingly, this action was improvidently filed."

We do not agree with this interpretation of Section 40A of the lease. A contract must be examined as a whole in order to ascertain the intention of the parties to any one part. Code § 20-704 (4); *City of Jonesboro v. Clayton County Water Authority,* 136 Ga. App. 768 (222 SE2d 76) (1975). "While contracts, where the construction is doubtful, must be construed against the party drawing and executing them, 'nevertheless, a contract should not be torn apart and construed in pieces, but the court should look to the entire instrument and so construe it as to reconcile its different parts and reject a construction which leads to contradiction, in order to ascertain the true intention of the parties, which is the real purpose of the judicial construction of contracts.' *Sachs v. Jones,* 83 Ga. App. 441, 444 (63 SE2d 685) and cits." *Wofac Corp. v. Hanson,* 131 Ga. App. 725, 727 (206 SE2d 614) (1974).

It is clear from the contract as a whole that its subject matter is a five-year lease of property, that there are other obligations on the tenant than the payment of rent, such as payment of a proportion of insurance costs, utilities, advertising, and so on, along with other stated responsibilities in conducting its business. Reading Paragraph 40A in connection with the lease as a whole and especially with Paragraph 41 above quoted, it is clear that the landlord's rights to regain possession upon a breach by the tenant were placed in two categories, one for nonpayment of rent, and one for violation of other

covenants of the lease. Paragraph 40A does suffer somewhat from the disease of verbosity, but we believe its intent is clear. The first sentence refers to distraint for rent under Code Chap. 31-4 not here involved. We quote the second sentence (adding both spacing and emphasis in order to make our construction clearer) as follows:

"If Tenant shall violate *either*

(a) the covenant to pay rent and shall fail to comply with said covenant within ten (10) days after the time such rent is due and payable to the Landlord, *or*

(b) any other covenant except (a) above, and shall fail to comply or commence compliance within ten (10) days after being sent written notice of such violation by Landlord,

Landlord may reenter the Premises and declare this Lease and the tenancy created terminated; *Landlord shall be entitled to the benefit of all provisions of applicable laws respecting the speedy recovery of* lands and *tenements* held over by Tenant or proceedings in forcible entry and detainer."

Thus read it becomes obvious that the landlord is seeking dispossession for nonpayment of rent under clause (a) of this provision, which requires only a waiting period of 10 days after the rent is due, and not dispossession under clause (b) for "any other covenant except (a)," and which does require a written notice of the particular violation relied upon as grounds for dispossessing the tenant. The appellant landlord was not required to give a ten-day notice of the nature of the default prior to instituting the dispossessory action.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 11, 1982 —
REHEARING DENIED MAY 27, 1982.

*W. T. Walsh, J. Scott Jacobson, Charles W. McGrady,* for appellant.

*William E. Otwell,* for appellee.