75419. AUGUSTA TENNIS CLUB, INC. v. LEGER.
(367 SE2d 263)

BEASLEY, Judge.

Augusta Tennis Club, Inc., defendant below, appeals the judgment entered against it after jury trial on plaintiff's four-count complaint alleging trespass, invasion of privacy, malicious use or abuse of process, and failure to return a security deposit.

Augusta owned the complex in which Leger and his family rented a townhouse pursuant to a written one-year lease which expired on March 31, 1983. The rent was due on the first of each month. Leger fell behind in his rent in the fall of 1982, resulting in the filing on November 1, 1982 of a complaint seeking judgment for past due rent

and a writ of possession. Leger answered and on December 9 he, his attorney, and Balangai, the president of Augusta, met and entered into an agreement whereby Leger executed notes for the past due rent as well as paid toward it. The attorney prepared a dismissal of the proceeding after the December meeting, but it was never filed. Thereafter, Leger again fell behind and on February 14, 1983, Augusta obtained a judgment and writ of possession based on the November pleadings. Although court records show notice to Leger's attorney, who had not withdrawn, the attorney testified that he had notified Leger that he was withdrawing and neither he nor Leger were present for the hearing.

Leger met with Balangai on February 22, 1983, and Balangai prepared a handwritten agreement between Augusta and Leger in which partial payment of the past due amount was acknowledged, leaving a total due of $367.76. It also stated that "this partial payment does not cancel the outstanding judgement [sic]. The judgement [sic] will remain in full force and effect until the balance of $367.76 is paid."

The March rent became due on the 1st, making the total due $707.76. Leger paid $376 on March 2 and the remainder on March 25.

Leger acknowledges that the written lease expired at the end of March but contends that at one of his meetings with Balangai, they entered into a month-to-month tenancy at will. Balangai denied any such agreement, contending that Leger was told to vacate the premises by March 31, and that Leger told him that he had a place to go but could not move until later. Both agree that on April 11, Leger paid and Balangai accepted the April rent. Leger contended that this was part of the continuing tenancy at will, Balangai contended that Leger was to be out by May 1.

On April 29, Balangai sent a final notice for possession on May 1. The marshal posted a final notice of eviction and Leger was evicted on May 4 pursuant to the writ of possession. That precipitated this lawsuit.

1. The fourth enumeration deals with the trespass count, concerning which Augusta urges it was entitled to a directed verdict. The motion was limited to the issue of punitive damages and claimed lack of proof of actual damage to the furniture. The ground presented here, that the only claim available to plaintiff was for malicious use of process, was never presented to the trial court.

We cannot consider the question. "This is a court for the correction of errors of law committed by the trial court where proper exception is taken thereto, and one may not abandon the only question raised by his petition in the trial court, and for the first time in the brief of counsel in this court raise questions as to rulings not excepted to or not passed upon by the trial court. [Cits.]" *Velkey v. Grimes*, 214 Ga. 420, 421 (105 SE2d 224) (1958); *Fowler v. State*, 155 Ga. App.

76 (2) (270 SE2d 297) (1980).

2. The fifth enumeration claims entitlement to a directed verdict on plaintiff's count for invasion of privacy because plaintiff had waived any such right. Again, this ground is not reached as it was not presented to the trial court. *Fowler*, supra.

3. Enumeration 6 is not supported by citation of authority or argument and is deemed abandoned. Rule 15 (c) (2).

4. Enumerations 1, 2, and 3 deal with the court's rulings as to the count for malicious use or abuse of process. Plaintiff pled malicious use but after the evidence was presented asked the court to conform the pleadings to the evidence, contending that he had proven malicious abuse of process. Augusta moved for directed verdict on the ground that only malicious use was available to plaintiff and that must fail since no termination of the dispossessory proceedings in plaintiff's favor could be shown.

This case was tried in September after *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986) was decided in June. That case redefined the torts of malicious use and malicious abuse of civil process into the new tort of "abusive litigation," to be used against any party who asserts a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or against a party who unnecessarily expands a proceeding, i.e., by abusive discovery, etc. "Lacking in substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious. *Yost* was applicable to this case. *Ferguson v. Doraville*, 186 Ga. App. 430, 432 (2) (a) (367 SE2d 551) (1988); see *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 795 (4) (359 SE2d 920) (1987).

It is undisputed that when the petition for back rent and writ of possession were filed, plaintiff Leger was behind in his rent. Whatever the landlord's motives, this entitled it to possession of the premises. *Perimeter Mall v. Retail Sense*, 162 Ga. App. 465 (291 SE2d 392) (1982); *Williams v. Housing Auth. of Columbus*, 158 Ga. App. 734, 737 (282 SE2d 141) (1981).

From the date of the filing of the petition until the eviction of plaintiff on May 4 pursuant to the writ issued on February 14, plaintiff did not timely pay his rent. Whether he was considered a tenant at will, as he contends, or a tenant at sufferance, as Augusta contends, does not alter this fact. Thus, even if the payment of past due rent after the due date satisfied the money judgment, it did not resolve the issue of possession.

Under the old definitions of malicious abuse and malicious use of process, the use by a landlord of a writ of possession to obtain possession of his property was not an abuse of process, since the process was

being used for the very purpose for which the law intended it. *Crawford v. Theo*, 112 Ga. App. 83, 87 (3) (143 SE2d 750) (1965). Nor was the writ which plaintiff claimed was used improperly sued out wholly without probable cause, nor did the underlying proceeding end in plaintiff's favor, making malicious use of process inapplicable. *Yost*, supra (3) (a); *Strickland v. Royal Indem. Co.*, 230 Ga. 425 (197 SE2d 347) (1973).

Under both old torts, defendant was entitled to a directed verdict. Under the tort defined in *Yost*, considering what is set out above, plaintiff has no cause of action either. The trial court is directed to enter judgment for defendant on count 3.

Consideration of the alleged error as to jury instructions is thus unnecessary.

5. Finally, Augusta contends that the verdict on count 4 was contrary to the evidence, with regard to attorney fees only, so that this award should be stricken. Count 4 sought treble damages and attorney fees due to Augusta's failure to return plaintiff's security deposit of $400 pursuant to OCGA § 44-7-35 (c), which provides for recovery of "reasonable attorney fees."

Although plaintiff sought attorney fees on all counts of his complaint, the jury awarded them only with regard to count 4. Plaintiff's evidence on the attorney fees issue was not broken down by counts, the attorney testifying that he could not so partition them. He stated that he spent 34.25 hours in preparation and trial of the case, entitling him to $2,575 in fees. The jury awarded $2,500. This is for all but $75 of the fees which plaintiff acknowledges were incurred for complaint drafting, trial preparation, and three trial days on a four-count complaint. While defendant does not dispute that attorney fees are due, it does contest the amount.

In order to recover, the fees must be proven and must be shown to be reasonable. While another attorney testified that the total fees were reasonable, he did not testify as to any specific amount considered reasonable with regard to count 4. The proof was inadequate to show what portion of the fees was allocable to count 4. *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 519 (3) (352 SE2d 832) (1987); see *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981); *Price v. Mitchell*, 154 Ga. App. 523, 527 (6) (268 SE2d 743) (1980). The trial court is directed to strike the fees.

*Judgment affirmed in part and reversed in part, with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED MARCH 9, 1988.

*Percy J. Blount*, for appellant.

444

*Ben Swain McElmurray, Jr.*, for appellee.