A07A0248, A07A0330. ROBERTS v. COLDWELL BANKER KINARD REALTY (two cases).
(648 SE2d 442)

MILLER, Judge.

In this breach of contract action, Jonathan Brian Roberts (Case No. A07A0248) and Angela Dunn Roberts (Case No. A07A0330) appeal from the trial court's grant of summary judgment against them and in favor of Coldwell Banker Kinard Realty ("Coldwell Banker"). Finding that the trial court erred in holding that Coldwell Banker was contractually entitled to a commission on the sale of the Robertses' home, we reverse.

> On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law.

(Citation omitted.) *Wachovia Bank v. Moody Bible Institute of Chicago*, 283 Ga. App. 488, 489 (642 SE2d 118) (2007).

So viewed, the evidence shows that on March 31, 2005, while the Robertses were in the middle of a contested divorce, the parties entered into an "Exclusive Seller Listing Agreement" (the "Listing Agreement"), under which Coldwell Banker became the Robertses' agent for the purpose of selling their home. Paragraph 5 of the Listing Agreement provided that Coldwell Banker would be entitled to a six percent commission if: (1) the property sold during the term of the Listing Agreement; or (2) the property sold within 180 days after the expiration of that agreement, provided that the buyer was "introduced to the property by the Broker" while the Listing Agreement was in effect. The Listing Agreement expired on June 30, 2005.

In late February or early March 2005 Michelle Denton saw a "For Sale By Owner" sign in the Robertses' yard. Several days later, and prior to the date on which the Robertses entered into the Listing Agreement, Mr. Denton's sister, who was a friend of Mr. Roberts, introduced the two men and they discussed the property. In April 2005, Mr. Denton called Mrs. Roberts to arrange a viewing of the house, and he learned that the property was now listed with Coldwell Banker. The Dentons then contacted a real estate agent with Trinity Real Estate, LLP ("Trinity") and went with him to view the house on June 11, 2005. After questions by Mrs. Roberts made them "uncomfortable," the Dentons left. Shortly thereafter, Messrs. Roberts and Denton spoke on the telephone regarding the property, but no offer was made.

Within a few days after the expiration of the Listing Agreement, Mr. Roberts contacted Mr. Denton to ask if they were still interested in the property. On July 11, 2005, the Dentons made an offer to purchase the house. Mrs. Roberts refused to agree to the sale, so Mr. Roberts sought and obtained a court order requiring her to quit-claim her interest in the property to him. Mr. Roberts subsequently closed the sale of the property to the Dentons.

Coldwell Banker then initiated the current action against the Robertses, seeking to recover an $18,000 commission allegedly owed it under Paragraph 5 of the Listing Agreement, asserting that the Dentons were "introduced" to the property by Trinity and that Trinity was a licensee of Coldwell Banker. Coldwell Banker and Mr. Roberts then filed cross-motions for summary judgment, with the trial court denying Mr. Roberts', granting Coldwell Banker's, and entering judgment against the Robertses and in favor of Coldwell Banker.

On appeal, Mr. Roberts asserts that the trial court erred in finding that a "licensee" of Coldwell Banker "introduced" the buyers to the property. Mrs. Roberts argues that she cannot be held liable for the commission, because at the time the sale closed she no longer owned an interest in the property. We agree with Mr. Roberts, and

therefore reverse the grant of summary judgment in favor of Coldwell Banker against both Mr. and Mrs. Roberts.

1. Under the terms of the Listing Agreement, Coldwell Banker is entitled to a commission only if it can show that Coldwell Banker or its licensee introduced the Dentons to the property. Coldwell Banker argues, and the trial court implicitly found, that the Dentons were introduced to the property when they went to view the same with their real estate agent, and that Trinity was Coldwell Banker's licensee. These findings, however, contravene applicable law.

This Court has previously held that the use of the term "introduced," as used in the extension clause found in the Listing Agreement, was intended "to obligate sellers to pay commissions . . . where the broker [initially] told the buyer about the property, provided the buyer with information about the property, or showed the buyer the property." *Snipes v. Marcene P. Powell & Assoc.*, 273 Ga. App. 814, 817 (1) (a) (616 SE2d 152) (2005). In *Snipes*, we held that because the buyer had seen the broker's "For Sale" sign on the property and thereafter contacted the broker for information regarding the same, the broker had introduced the buyer to the property. Id. at 818 (1) (b).

Here, undisputed affidavit testimony established that the Dentons first learned of the property by viewing a "For Sale By Owner" sign placed by Mr. Roberts. Additionally, the Dentons obtained their initial information about the property from Mr. Roberts, before the property was listed with Coldwell Banker and before the Dentons engaged Trinity to serve as their agent. Applying the *Snipes* holding to these facts, we must conclude that Mr. Roberts, rather than Trinity, introduced the property to the Dentons.

We further note, however, that even had Trinity introduced the property to the Dentons, that fact would not entitle Coldwell Banker to a commission, because there is no evidence that Trinity was a licensee of Coldwell Banker.

As noted above, the extension clause applies to a sale of the property to a party introduced by the "Broker" during the listing period, and "Broker" is defined as Coldwell Banker "and its licensees." In the real estate context, Georgia law defines a licensee as "any person who is licensed as a community association manager, salesperson, associate broker, or broker." OCGA § 43-40-1 (5). Associate brokers, community association managers, and salespersons, in turn, are all defined as persons who act "on behalf of a real estate broker." OCGA § 43-40-1 (1), (4.3), (10). Here, Paragraph 5 of the Listing Agreement clearly distinguishes between Coldwell Banker, as "Broker," and "other brokers." Thus, logic dictates that the phrase "[Broker's] licensees," as used in the Listing Agreement, was not intended to embrace all licensed real estate professionals; rather, it was

intended to refer only to associate brokers or salespersons specifically licensed to act on behalf of Coldwell Banker.

This conclusion is reenforced by "[t]he cardinal rule of [contract] construction[, which] is to ascertain the intent of the parties." (Citation omitted.) *Municipal Elec. Auth. of Ga. v. Gold-Arrow Farms*, 276 Ga. App. 862, 866 (1) (625 SE2d 57) (2005). In determining that intent, "all the contract terms must be considered together . . . , and a construction upholding the contract in whole and every part is preferred." (Citations omitted.) Id.

Here, Coldwell Banker is asking us to read the extension clause so that it would be entitled to a commission if the property sold within six months after the expiration of the Listing Agreement, so long as the buyer had been introduced to the property during the term thereof. Had the parties intended that result, however, there would have been no need to include the limiting words "by Broker," following the words "introduced to the property," within the extension clause of Paragraph 5. Reading the Listing Agreement in its entirety, therefore, we must conclude that the phrase "Broker and its licensees" refers only to Coldwell Banker and licensed real estate professionals specifically affiliated with that company.

2. In light of our holding in Division 1, supra, we need not address the question of whether Mrs. Roberts can be held liable for a commission on the sale of the property where she no longer owned an interest in the property at the time the sale closed.

For the foregoing reasons, we reverse the trial court's order granting summary judgment in favor of Coldwell Banker and against the Robertses.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JUNE 20, 2007.

*Brian M. House*, for appellant (case no. A07A0248).
*Bandy & Stagg, Lawrence A. Stagg*, for appellant (case no. A07A0330).
*Minor, Bell & Neal, Stephen B. Farrow*, for appellee.