36777. HUDGINS & COMPANY, INC. v. COLE et al.

GREGORY, Justice.

Hudgins and Company, Inc. is in the business of wrecking and demolishing buildings. Alan Cole was employed as a supervisor by Hudgins from 1972 until he resigned in 1979. Hudgins and Cole entered into an employment contract which, inter alia, contained the following restrictive covenant:

"During the period of his employment and for a period of two (2) years immediately following the termination of said employment, regardless of the cause of such termination of said employment, he will not, other than on behalf of said Corporation herein, for himself or on behalf of any other person, persons, partnership, corporation, or other business entity, syndicate, or association, either as a stockholder, employee, partner, agent, or in any other capacity, solicit, contract for or engage in, the business of wrecking or demolishing buildings or structures of any kind, nor shall he so solicit, or engage in, the business of selling and dealing in used building materials of any kind, specified in Paragraph 1 of this Agreement, in the following territories; . . ."

After termination of his employment with Hudgins, Cole went into the wrecking and demolishing business for himself. Hudgins brought suit against Cole under the covenant not to compete and obtained a temporary injunction against Cole. Cole then sought to

have the injunction dissolved. The trial court dissolved the injunction and Hudgins appeals.

1. The trial court did not err in dissolving the injunction as the covenant not to compete is unenforceable. This court has previously held that an employment contract which prohibits an employee, upon termination of his employment, from obtaining employment with a competitor "in any capacity" is unreasonable. *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181, 185 (236 SE2d 265) (1977); *Dunn v. Frank Miller Associates,* 237 Ga. 266, 268 (227 SE2d 243) (1976). The portion of the covenant quoted above suffers from the same infirmity as the covenant in question in *Dunn v. Frank Miller Associates,* supra, which we find controlling. The current status of the "in any capacity" rule makes the continued validity of older employment contract cases, which did not disapprove the type of broad language used here, questionable. See, e.g., *Shirk v. Loftis Bros. & Co.,* 148 Ga. 500 (97 SE 66) (1918).

2. Under the employment contract with Hudgins, Cole was to receive a fixed monthly sum in compensation for his services "plus a bonus of one and one-half (1 1/2%) percent of the net taxable income of the business *as reported for Federal Income Tax purposes . . .*" (Emphasis supplied.) Cole counterclaimed against Hudgins seeking additional compensation under the bonus provision alleging that Hudgins had reduced its net taxable income by taking unauthorized deductions, etc., and thereby reduced the amount of bonus money to be paid to Cole. Cole filed a notice to produce all Hudgins' books and accounting records so that he could determine how much additional compensation he is owed. Hudgins filed a motion for protective order which was granted and a motion for summary judgment on that count of the counterclaim, which was denied. At the hearing, Hudgins stated that it had offered to produce the front page of its tax returns to show its net taxable income in each of the relevant years. The record contains copies of the alleged bonus checks paid to Cole each year the company showed a taxable income. Cole is entitled to no more than this. The contract upon which he relies states that his bonus is to be determined by the net taxable income *as reported* for tax purposes. He cannot go beyond his rights under the contract and determine whether or not the income was reported correctly. The trial court did not err in granting Hudgins' motion for protective order. We cannot determine whether the amounts paid to Cole each year were correct because the record does not contain copies of the front pages of the tax returns. Therefore, we affirm the denial of summary judgment on that count of the counterclaim.

3. We also affirm the trial court's denial of Hudgins' motion for summary judgment on Cole's counterclaim for malicious abuse of

process since the issue was not specifically put to the court for determination at the hearing. We note, however, that the counterclaim alleged that the filing of the complaint was done in bad faith, but failed to allege any other action taken by Hudgins constituting malicious abuse of process. "[A] counterclaim for malicious abuse of process based upon the mere filing and maintaining of the main action by the plaintiff does not state a claim for damages which can be recovered in the trial of the same action." *Medoc Corp. v. Keel,* 152 Ga. App. 684, 688 (263 SE2d 543) (1979).

Judgment affirmed. *All the Justices concur, except Jordan, C. J., and Marshall, J., who concur in the judgment only.*

DECIDED FEBRUARY ·10, 1981 —
REHEARING DENIED FEBRUARY 24, 1981.

*Hatcher, Dorsey, Irvin & Pressley, Henry M. Hatcher, Jr.,* for appellant.

*Howard H. Johnston,·* for appellees.