74092, 74093. WILSON v. COTTON STATES MUTUAL
INSURANCE COMPANY; and vice versa.
(358 SE2d 874)

Birdsong, Chief Judge.

Ralph Wilson, the appellant/plaintiff below, was injured in an automobile collision on November 10, 1984, when a 1977 Mercury Cougar automobile, driven by Shirley Duckett, crossed the centerline of the highway and struck his vehicle. Wilson filed an action for damages and following a jury trial was awarded $65,000 in damages against Duckett.

Duckett was an insured under a policy of insurance issued by Cotton States to her husband on the Mercury. The policy on the Mercury contained coverage for bodily injury liability in the maximum

amount of $25,000. Cotton States intervened in the action against Duckett and paid $25,000 into the registry of the court. Those funds were distributed to Wilson after entry of judgment.

At the time of the collision between Wilson and Duckett, the Duckett family had four separate policies of insurance covering four owned vehicles — a 1977 Mercury Cougar, a 1964 Ford, a 1974 Ford, and a 1985 Ford. Shirley Duckett was an insured under each of the four policies. Each policy contained coverage for bodily injury liability whereby Cotton States agreed "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: A. bodily injury . . . arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile . . . seeking damages which are payable under the terms of *this policy.* . . ." (Emphasis supplied.)

Apparently Wilson made a demand on Cotton States for the unpaid remainder of the judgment, over and above the $25,000 from the policy covering the 1977 Mercury, for his complaint alleges Cotton States "has failed and refused to pay the outstanding balance of forty thousand dollars ($40,000) of Plaintiff's judgment from the remaining insurance coverage." Wilson brought this action against Cotton States seeking actual damages of $40,000 and punitive damages in the amount of $50,000. Cotton States moved for and was granted summary judgment, from which Wilson appeals. *Held*:

### Main Appeal No. 74092

1. Appellant contends the trial court erred in holding that the Mercury involved in this collision was excluded from coverage under the remaining three insurance policies. We do not agree. The policy of insurance covering the Mercury obligated the insurer "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages . . . *which are payable under the terms of this policy.* . . ." (Emphasis supplied.)

This was not a "non-owned" vehicle, but was "owned" by the Ducketts. An "owned" vehicle is defined in the policy as "a private passenger . . . automobile which is owned by the named insured, *which is described in the declarations attached to this policy.* . . ." (Emphasis supplied.) The only vehicle described in the declaration attached to the policy was the 1977 Mercury Cougar. Further, the insurance policy provided that "[t]he limit of liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all damages claimed by any person. . . ." " 'An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and exclude others.' " *Georgia Farm Bureau Mut. Ins. Co. v. Musgrove,*

153 Ga. App. 690, 692 (266 SE2d 228). Here, the insured and insurer contracted to limit the liability of the company to that provided in the declaration. In like manner, the bodily injury liability was limited to the specific vehicle described in the declarations attached to the other three policies and have no application to the 1977 Mercury. We have found no ambiguity in the terms of these policies relating to the limitation of liability issue. Counsel has not articulated a legal basis for "stacking" the coverage of these separate insurance policies to an automobile specifically excluded therefrom. Neither has counsel cited any legal authority which authorizes such "stacking." This enumeration is without merit.

2. It is alleged that the trial court erred in placing the burden upon the plaintiff to show that the Mercury was not excluded from coverage under the remaining three insurance policies.

Counsel has failed to follow the Rules of this court. He has enumerated three errors and the third part of his brief, which contains argument and citation of authority, is one continuing, unnumbered argument. See Rule 15 (c) (1), Rules of the Court of Appeals. The argument section contains no argument of this enumeration and no reference to the transcript where such ruling may be found. See Rule 15 (a) (1) and 15 (c) (2). Appellee claims no such ruling was made by the trial court and our review of the record fails to reveal any basis for this claim of error. Although counsel repeats the enumeration, mere repetition of an enumeration does not amount to argument. *Summerfield v. Decinque*, 143 Ga. App. 351 (1) (238 SE2d 712); *Power v. Tallant*, 137 Ga. App. 575 (224 SE2d 534). Lacking any articulated legal basis for such claim of error, no citation of authority supporting the asserted error, and no reference to the record where the purported error was made, we have nothing before us for review.

3. Appellant argues that the court erred "in failing to apply OCGA § 33-34-3 (a) (2) which requires mandatory minimum insurance coverage for motorists who are insured under insurance policies. . . ." It is clear that OCGA § 33-34-3 (a) (2) mandates insurers include in their policies "at least the minimum coverage required under Code Section 33-34-4. . . ." And OCGA § 33-34-4 (a) (1) requires "liability insurance equivalent to that required as evidence of security for bodily injury . . . under the motor vehicle safety responsibility laws of this state. . . ."

Our Motor Vehicle Financial Safety Responsibility Act requires proof of financial responsibility "in the amount of $15,000.00 because of bodily injury to or death of one person in any one accident. . . ." OCGA § 40-9-2 (5) (A). Our review of the bodily injury liability coverages in these four policies shows that two have coverage of $25,000 per person and $50,000 per accident, and two have $100,000 per person and $300,000 per accident. Hence, these four policies contain

more than the "mandatory minimum insurance coverage for motorists" of our Code, and are not subject to the objection made in this enumeration. Division 1 above is dispositive of any claim that "stacking" of this coverage on an automobile not included in the declaration is permissible.

*Cross-Appeal No. 74093*

Cotton States answered plaintiff's complaint and filed a counterclaim asking for attorney fees and expenses of litigation, alleging "there is a complete absence of any justifiable issue of fact or law for the plaintiff's claim." The trial court granted summary judgment to plaintiff on defendant's counterclaim and Cotton States has filed this cross-appeal.

First, we note that the grounds asserted in Cotton States' counterclaim were for "attorney fees and expenses of litigation." Cited as authority for this claim was OCGA § 9-15-14. However, on appeal counsel has amended his claim to assert the applicability of *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414). The Act which promulgated OCGA § 9-15-14, Ga. L. 1986, pp. 1591, 1593, Sec. 3, provided that the section would apply "to actions filed or presented for filing on or after July 1, 1986." Id. In addition, it was also applicable to "any action pending on July 1, 1986, with respect *to any claim*, defense, or other position which is *first raised in the action on or after July 1, 1986.*" Id. (Emphasis supplied.) The instant action was filed prior to July 1, 1986 and the claims presented by plaintiff were not "first raised" after July 1, 1986. Hence, this code section is inapplicable to this action and the trial court did not err in granting summary judgment for plaintiff on Cotton States' counterclaim.

On appeal, however, cross-appellant has amended its claim to assert the applicability of *Yost v. Torok*, supra. *Yost* based its definition of the new tort of "abusive litigation" on the language of OCGA § 9-15-14, which "provides for the award of attorney fees and expenses of litigation. . . . The new statute will, of course, govern these two elements of damages." 256 Ga. at 95. Thus, *Yost* is not applicable to a claim for attorney fees and expenses of litigation. This enumeration is without merit.

*Judgments affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 5, 1987 —
REHEARING DENIED JUNE 18, 1987 —

*Rickie L. Brown*, for appellant.
*Lemuel H. Kemp, Bruce A. Kling, Cynthia N. Johnson*, for ap-

pellee.