### 75016. SHORE LIVESTOCK, INC. v. SANDERS.
(361 SE2d 50)

BENHAM, Judge.

Appellant Shore Livestock, Inc. (Shore) sued appellee Ida Mae Sanders for damages it suffered when Shore's tractor-trailer struck Sanders' disabled automobile, which was stopped in the left lane of a Richmond County highway. Shore alleged that Sanders' vehicle was parked and abandoned without any warning of its presence, and that Sanders' negligence precipitated the collision. After a jury trial, a verdict was returned in appellee's favor. Appellant's sole enumeration on appeal is that the trial court erred when it instructed the jury that "the uncontroverted facts of this case show the plaintiff was speeding. This is negligence per se, and that's the Court's ruling in regard to that." The court went on to charge the jurors that they were to decide whether or not appellant's negligence was the proximate cause of the accident, whether appellee was negligent, and, if so, whether her negligence contributed to the proximate cause of the collision.

Appellant contends that the trial court's statement as quoted violated OCGA § 9-10-7, which prohibits a judge from expressing or intimating his or her opinion as to what has or has not been proved. We disagree. The evidence adduced at trial regarding appellant's driver's speed showed that the speed limit in the area was 45 miles per hour; that appellant's driver testified on direct examination that he was going "around fifty miles an hour" at the time just before the accident, and on cross-examination admitted that he remembered testifying at his deposition that he was going 50 to 55 miles per hour. The driver denied telling the investigating officer at the accident scene that he was going 45 miles per hour. A witness to the accident testified that he thought the tractor-trailer was "running between sixty and seventy miles per hour." There was no testimony to show justification or excuse for appellant's driver exceeding the speed limit. The evidence of speeding was indeed uncontroverted, and so the trial court did not err in making its statement. "[W]here, as here, the evidence demands a finding as to the opinion expressed, there is no cause for reversal. [Cits.]" *Ga. Power Co. v. Mozingo*, 132 Ga. App. 666 (4) (209 SE2d 66) (1974).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1987.

*Kenneth R. Chance*, for appellant.
*Richard R. Mehrhof, Jr.*, for appellee.