## 76184. EASLEY v. CLEMENT.
(371 SE2d 416)

BENHAM, Judge.

In 1985, appellee Clement brought an action against appellant Easley concerning the sale of an airplane by Easley to Clement. That suit terminated in appellant's favor in June 1986. In October 1987, appellant brought an action against appellee, alleging malicious use of process; violation of OCGA § 9-15-14; and that appellee had acted maliciously, in bad faith, and had been stubbornly litigious in pursuing the earlier action. Through his complaint, appellant sought attorney fees, special damages, the costs of the earlier litigation as well as of the present lawsuit, and punitive damages. The trial court granted appellee's motion for summary judgment, and appellant filed this appeal.

1. In the first count of his October 1987 complaint, appellant sought damages for appellee's alleged malicious use of process in filing and prosecuting the 1985 action. Appellee moved for summary judgment on the ground that appellant's allegations failed to state a cause of action since the Supreme Court had abolished the cause of action known as malicious use of process in its decision in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). The trial court ruled that the applicability of *Yost* was not determinative of the issue and granted summary judgment to appellee on the ground that appellant had failed to prove special damages, an essential element of the tort of malicious use of process. See *Pair v. Southern Bell &c.*, 149 Ga. App. 149 (253 SE2d 828) (1979). The trial court's ruling implied that the *Yost* decision was not applicable to the case at bar and/or that the elements of the *Yost*-created "abusive litigation" action were identical to the elements of the abolished common law action for malicious use of process. Inasmuch as we do not agree with either implicit holding, we must reverse the trial court's grant of summary judgment to appellee on the first count of appellant's complaint.

*Yost* requires that a claim for abusive litigation be filed as a compulsory counterclaim or a compulsory additional claim in the underlying proceedings, to be adjudicated by the same factfinder as in the underlying action, in a bifurcated proceeding. *Yost*, supra, Divisions 14, 15. In the case at bar, the underlying proceeding, the 1985 action filed by appellee against appellant, went to trial on June 9, 1986. A

directed verdict was orally granted appellant on June 11, 1986, and the written order and judgment in favor of appellant was entered on June 30, 1986. The *Yost* decision was rendered on June 25, 1986, after the direction of the verdict but prior to the entry of the written order and judgment.

Retroactive application is necessary to apply the procedural aspects of *Yost* to the case at bar. This court, however, has refused to so apply *Yost*. *Ostroff v. Coyner*, 187 Ga. App. 109 (3a) (369 SE2d 298) (1988). We do likewise. As we stated earlier *Yost* requires that an allegation of abusive litigation (formerly malicious use and abuse of process) be filed as a compulsory counterclaim or additional claim in the underlying action. *Yost* at Division 14. A compulsory counterclaim must be contained in a pleading and is defined as "any claim *which at the time of serving the pleading* the pleader has against any opposing party. . . ." OCGA § 9-11-13 (a). (Emphasis supplied.) While a party has a right to amend his pleading as a matter of course and without leave of court (OCGA § 9-11-15 (a)), that unfettered right ends upon the entry of a pretrial order (OCGA § 9-11-15 (a)) or, in the absence of a pretrial order, upon the commencement of the trial proper and the taking of evidence. *Jackson v. Paces Ferry Dodge*, 183 Ga. App. 502 (1) (359 SE2d 412) (1987). Thus, appellant's unfettered right to amend his answer to appellee's 1985 complaint in order to include a compulsory counterclaim alleging abusive litigation ended upon the commencement of the trial on June 9, 1986, several weeks before the tort of abusive litigation came into being. See *Ostroff v. Coyner*, supra, Division 3 (a). Furthermore, the five-day period between the *Yost* decision and the entry of judgment on the directed verdict in this case presented no realistic opportunity for appellant to present a compulsory counterclaim, since he did not have the right to file a compulsory counterclaim at that point in the proceedings. Since, due to the sequence of events, appellant was unable to file a *Yost* counterclaim, he was authorized to file a separate action for malicious use of process. See *Ostroff v. Coyner* at Division 3 (a).

2. While recognizing that there will be occasions in this post-*Yost* world for courts to entertain claims of malicious use of process and malicious abuse of process (see *Ostroff v. Coyner* at Division 3 (a)), this court has applied "the precepts of *Yost*" to the substantive portion of the malicious abuse or use of process claim. See *Ostroff v. Coyner* at Division 3 (b); *Augusta Tennis Club v. Leger*, 186 Ga. App. 440 (4) (367 SE2d 263) (1988). In the case at bar, the trial court granted appellee summary judgment because appellant had, in the trial court's judgment, failed to prove special damages, a necessary element of malicious use of process. While appellant was procedurally correct in pleading a malicious use of process claim, in light of the precedent established by *Ostroff v. Coyner*, supra; and *Augusta Ten-*

*nis Club v. Leger*, supra, we must measure the substance of his allegations by applying the precepts of *Yost*. In applying the *Ostroff* and *Augusta Tennis Club* holdings to the case at bar, we are faced with another dilemma: What are the elements of the tort of abusive litigation?

In creating the tort, the Supreme Court held that anyone asserting a claim, defense, or position "with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct . . . shall be liable in tort to an opposing party who suffers damage thereby." *Yost*, Division 13. In order to prevail on summary judgment, defendant/appellee Clement had the burden to negate at least one of the essential elements of abusive litigation. See *Tolbert v. Tanner*, 180 Ga. App. 441 (2b) (349 SE2d 463) (1986).

Appellant alleged that appellee had brought and prosecuted the 1985 action wilfully and without probable cause, an assertion tantamount to an allegation that appellee's 1985 action was without substantial justification. Appellee presented no evidence to disprove appellant's allegation. Appellant alleged that he had suffered damage as a result of appellee's act of filing and prosecuting the 1985 action. While appellant is unable to recover attorney fees and expenses of litigation under *Yost* (see *Yost*, Divisions 9, 10), he alleged that he had incurred over $5,000 "special" damages in the loss of business and travel expenses brought about by appellee's lawsuit. In moving for summary judgment, appellee did not disprove appellant's alleged loss, but countered with the argument that appellant's loss of business and travel expenses did not constitute the special damages required to support a claim for malicious abuse of process. A *Yost* plaintiff, however, need only prove he was damaged by an opposing party's substantially groundless or vexatious action. *Yost*, Division 13. Since appellee failed to prove on motion for summary judgment that appellant was not damaged by appellee's action of filing and pursuing the 1985 action, it was inappropriate to grant appellee summary judgment on this count.

3. In the second count of his complaint, appellant asked the trial court to assess attorney fees and the costs of litigation against appellee because appellee's earlier suit against appellant allegedly was without substantial justification and had been brought for purposes of harassment. See OCGA § 9-15-14. Pointing out that appellant had made a motion based on OCGA § 9-15-14 in the earlier suit after the entry of judgment in favor of appellant, appellee sought summary

judgment in the present action based upon the principle of res judicata.

Section 3 of the Act that promulgated OCGA § 9-15-14 stated that the provisions of OCGA § 9-15-14 applied to any action filed on or after July 1, 1986, and to any claim, defense, or other position first raised on or after July 1, 1986, in any action pending on July 1, 1986. Ga. L. 1986, Sec. 3, p. 1593. The earlier lawsuit was filed prior to July 1, 1986, but it was no longer pending in the trial court on July 1, 1986, since the judgment based upon the directed verdict in favor of appellant was filed June 30, 1986. Thus, appellant did not have then and does not have now a remedy under OCGA § 9-15-14. See *Wilson v. Cotton States &c. Ins. Co.*, 183 Ga. App. 353, 356 (358 SE2d 874) (1987). Appellant's theory that his motion was timely under OCGA § 9-15-14 (e) does not withstand the fact that, under the enabling legislation, no part of OCGA § 9-15-14 is applicable to this lawsuit which was filed prior to July 1, 1986, and was not pending on July 1, 1986. The trial court did not err in granting summary judgment to appellee on the second count of appellant's complaint.

4. In the third and final count of his complaint, appellant sought reasonable attorney fees and the expenses of pursuing the present action due to appellee's allegedly malicious and bad faith act of filing the earlier lawsuit and his alleged stubborn litigiousness in pursuing the earlier action.

"It is clear from the complaint that appellant's prayer for attorney fees and costs of the case at bar is based upon allegations of bad faith and [malice and stubborn litigiousness] which do not arise out of the instant action but, rather, are premised upon [the earlier lawsuit]. Since the recovery of such expenses of litigation pursuant to OCGA § 13-6-11 may not be had where such expenses do not arise out of the present action, the trial court properly [granted summary judgment to appellee on this count]." *Alston v. Stubbs*, 170 Ga. App. 417 (1) (317 SE2d 272) (1984).

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 9, 1988 —
REHEARING DENIED JULY 12, 1988 —

*James W. McKenzie, Jr.*, for appellant.
*Donald R. Anderson*, for appellee.