### 76283, 76418. VOGTLE v. COLEMAN (two cases).
(372 SE2d 642)

SOGNIER, Judge.

Alvin Vogtle appeals from the judgment on the jury verdict awarding Woodrow Coleman $35,000 for abusive litigation in Case No. 76283. It is consolidated in this opinion with Vogtle's appeal in Case No. 76418 from the trial court's award in favor of Coleman for

$33,254.60 in attorney fees pursuant to OCGA § 9-15-14.

In June 1983, Anne Bloomer and others ("Bloomer") filed suit against appellant alleging he had constructed and maintained a fence across a public road so as to deny them access to Stephens Cemetery, where their ancestors were interred, and that appellant had allowed his horses to trespass into the cemetery, causing damage to the gravesites. Appellant's property surrounded the cemetery except for the north side, and the alleged public road giving access to the cemetery was exclusively on appellant's property. Appellant made an oral motion in November 1983 to add appellee to the suit as a party defendant, the basis for which, stated in appellant's written motion filed in December 1983, was appellant's assertion that appellee owned property contiguous both to appellant's property and the cemetery (on the northern border). The trial court entered an order that appellee be added as a party defendant and directed Bloomer to proceed with process and joinder of appellee, which was done. Appellee answered in January 1984 denying his property was contiguous with the cemetery. It was uncontroverted that appellee's property was contiguous only with appellant's property and that the northern border of the cemetery was separated from appellee's property by an old logging road.

After numerous delays, pre-trial orders were filed and the case was proceeding to trial in June 1986 when appellant moved to dismiss Bloomer's claim on the basis that Bloomer had failed to follow the procedure for private condemnation required by OCGA § 44-9-40 et seq. Appellee filed a cross-claim on July 7, 1986, alleging slander of title and malicious abuse of process based on appellant's acts of moving to add appellee to Bloomer's lawsuit with full knowledge that appellee never had any involvement with the public's use of Stephens Cemetery and attempting by means of this motion to place the burden on appellee of providing the public with its lawful right of access to Stephens Cemetery. Four months later, appellee amended the cross-claim, deleting the malicious abuse of process claim in its entirety and substituting in its place a claim for abusive litigation. Appellee's second amendment to the cross-claim, asserting more explicit grounds for an abusive litigation claim, deleting the slander of title claim and adding a claim for attorney fees pursuant to OCGA § 9-15-14, was filed two days after the trial court's July 22, 1987, order reflecting that a settlement had been reached between Bloomer and appellant and that Bloomer was dismissing with prejudice the claims against both appellant and appellee. Appellant's motion for summary judgment or judgment on the pleadings as to appellee's cross-claim, although filed prior to the settlement, was continued by agreement of the parties and the ruling on the motion, denying it, was not filed until August 1987. Upon trial of the cross-claim appellant offered no

evidence and the trial court directed a verdict in favor of appellee as to liability, the jury thereafter returning a verdict finding the amount of damages. Subsequent to the entry of judgment on the abusive litigation claim, the trial court awarded appellee attorney fees under OCGA § 9-15-14.

1. Appellant contends the trial court erred by denying his motions for summary judgment and a directed verdict on the basis that there has been no termination of the underlying proceeding in appellee's favor, citing *Rothstein v. L. F. Still & Co.*, 181 Ga. App. 113, 115 (2) (c) (351 SE2d 513) (1986). This argument is based on appellant's mischaracterization of his 1983 motion as the underlying proceeding to appellee's claim. The facts of the case clearly reveal that the Bloomer suit was the underlying proceeding since had Bloomer pursued the original suit and obtained judgment against appellee (perhaps in the form of a private way across his property), appellant's motion to add appellee would have thereby been justified, mooting appellee's cross-claim based on that motion. While appellant made his motion for summary judgment prior to the voluntary settlement of the Bloomer suit and the trial court's order dismissing appellant and appellee with prejudice, at the time the trial court denied that motion and appellant's subsequent motion for a directed verdict, the record establishes that the underlying proceeding had terminated in appellee's favor. Accordingly, *Rothstein*, supra, is inapt and there is no merit to appellant's enumeration.

2. Appellant contends the trial court erred by denying his motions for summary judgment and a directed verdict on the basis that appellee's claim for abusive litigation pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), decided June 25, 1986, could not apply retroactively to the motion made by appellant in 1983. However, the record reflects that the underlying proceedings were still viable at the time appellee filed his cross-claim, thereby distinguishing this case from *Ostroff v. Coyner*, 187 Ga. App. 109 (369 SE2d 298) (1988). While the Supreme Court, in creating a cause of action for abusive litigation in *Yost*, stated that the claim "is derivative in nature, and hence it must be pleaded as a compulsory counterclaim or compulsory additional claim pursuant to OCGA § 9-11-13 (a), [cit.]" id. at 96 (14), it also clearly contemplated the use of an abusive litigation claim for those abuses occurring during the pendency of the underlying proceeding. So long as the claim meets the requirement that "the claim be brought as part of the underlying proceedings," id., the fact that the abusive litigation claim was not made at the time of filing responsive pleadings does not mandate forfeiture of the claim. Appellant has cited to this court no authority barring the filing of appellee's cross-claim two and one half years after appellee's answer to Bloomer's amended complaint. Nor has appellant shown this court how he was

harmed by appellee's amendment of the cross-claim to reflect the change in law effected by *Yost* and the subsequent trial of the cross-claim on the principles set forth in *Yost*. This is not an instance in which a suit was tried on pre-*Yost* principles and then reviewed substantively on post-*Yost* precepts. Compare *Guernsey Petroleum Corp. v. Data Gen. Corp.*, 183 Ga. App. 790, 795-796 (4) (359 SE2d 920) (1987) (one judge concurring specially; one judge concurring in judgment only), cited in dicta in *Ferguson v. City of Doraville*, 186 Ga. App. 430, 433 (367 SE2d 551) (1988), but as authority in *Augusta Tennis Club v. Leger*, 186 Ga. App. 440, 442 (4) (367 SE2d 263) (1988) and *Ostroff*, supra. Thus, the retroactivity problems reflected in those cases are not in issue here and we find no merit in appellant's argument.

3. We find no merit in appellant's contention that because the trial court accepted his 1983 motion to add appellee as a party defendant pursuant to OCGA § 9-11-19, the making of that motion cannot as a matter of law form the basis for a claim of abusive litigation. The trial court, in accepting appellant's motion in which it was asserted that appellee was a necessary party because he owned property contiguous to the cemetery, was not in a position to weigh the factual accuracy of the motions or the true intention behind appellant's action in so moving. To the trial court, it could appear only that appellant was pursuing the usual and regular procedure followed in the course of any lawsuit. Further, the allegations in appellee's cross-claim, supported by evidence adduced at trial, indicate that the abusive litigation claim was not limited to appellant's motion but included appellant's attempts to pressure appellee by means of the ongoing litigation into granting Bloomer access to the cemetery across appellee's land in order for appellant to avoid reopening the pre-existing public road on his own property. We will not allow appellant to shield himself from the consequences of his tortious action in initiating legal process without substantial justification for the purpose of delay and harassment by hiding behind the trial court's natural assumption that appellant was acting properly and regularly. See generally *PDA, Inc. v. Haas Corp.*, 185 Ga. App. 785 (1) (366 SE2d 169) (1988).

4. Appellant does not contend that the trial court erred by granting appellee's motion for a directed verdict on the issue of liability at the close of the evidence in the trial of the abusive litigation claim. Appellant does contend, in his seventh enumeration in Case No. 76283, that the trial court erred by "empanelling a jury, and submitting any issues to the jury, and allowing and accepting a jury verdict on a claim for abusive litigation when no other matters in this litigation were determined by a jury." Claims asserted under *Yost* are to be adjudicated immediately after the disposition of the underlying action

" 'by the *same* factfinder — that is, by the judge or jury of the underlying action.' [*Yost*] at 96 (15)." *Ferguson,* supra at 433. Since we have rejected appellant's assertion that his 1983 motion was the underlying proceeding, see Division 1, we will address this enumeration in light of the fact that the Bloomer claim was the underlying proceeding. That claim having been settled voluntarily and then dismissed with prejudice, in the technical sense there was *no* factfinder and, applying appellant's contention to its logical conclusion, neither a jury nor the judge could be the proper factfinder under *Yost* for the abusive litigation claim. This result is patently absurd. In *Ferguson,* supra, this court noted that although claims under *Yost* are to be adjudicated after disposition of the underlying action, by the same factfinder, "[p]resumably, this does not mean that where, as here, the underlying action is adjudicated adversely to the plaintiff by the trial judge on motion for summary judgment, the plaintiff thereby loses the right to a trial by jury on the defendant's *Yost* claim." Id. at 433 fn. 3. Similarly, the right to a requested trial by jury should not be lost where the underlying action was settled favorably to the *Yost* claimant. Therefore, we find no error in the trial court's empanelling a jury to try the issue of damages for abusive litigation.

5. Appellant contends the trial court erred by permitting appellee to seek and recover damages pursuant to OCGA § 51-12-6 and to permit such recovery on the worldly circumstances of the parties. Appellant argues that damages for "wounded feelings" under OCGA § 51-12-6 are not available under *Yost* and thus when appellee elected pursuant to *Stepperson, Inc. v. Long,* 256 Ga. 838, 843 (353 SE2d 461) (1987) to seek recovery in the abusive litigation jury trial only for those damages, appellant was entitled to a directed verdict as a matter of law. We disagree.

In defining the abusive litigation cause of action, *Yost* provided: "Any party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party *who suffers damage thereby*." (Emphasis supplied.) Id. at 96 (13). Nothing in *Yost*'s definition of abusive litigation excludes the recovery by an injured party of damages for "wounded feelings" pursuant to OCGA § 51-12-6, and we are not persuaded by appellant's arguments that we should read such a limitation into the language in *Yost*. Accordingly, we find no error in the trial court's admission of evidence regarding

the worldly circumstances of the parties since the introduction of such evidence is expressly authorized by OCGA § 51-12-6.

6. We find no error in the trial court's charge to the jury regarding the trial court's ruling on the issue of liability. *Shore Livestock v. Sanders*, 184 Ga. App. 179 (361 SE2d 50) (1987).

7. We decline to read that language in *Yost* stating that a *claim* for abusive litigation arises, by necessity, only after the commencement of civil proceedings, as requiring the exclusion of evidence of *conduct* which preceded the initiation of the action, particularly in view of the statement in *Yost* that "all the facts and circumstances relating to the 'claim, defense, or other position' . . . which shall be relevant and material to the elements of the re-defined tort may be submitted to the trier of fact . . ." Id. at 96 (16). Consequently, we find no error in the trial court's failure to exclude such evidence during the trial on the abusive litigation claim.

8. In Case No. 76418 appellant contends the trial court erred by applying OCGA § 9-15-14 retroactively in awarding appellee attorney fees and expenses of litigation. "The Act which promulgated OCGA § 9-15-14, Ga. L. 1986, pp. 1591, 1593, Sec. 3, provided that the section would apply 'to actions filed or presented for filing on or after July 1, 1986.' Id. In addition, it was also applicable to 'any action pending on July 1, 1986, with respect to any claim, defense, or other position which is *first raised* in the action on or after July 1, 1986.' Id." (Some emphasis in original deleted.) *Wilson v. Cotton States &c. Ins. Co.*, 183 Ga. App. 353, 356 (358 SE2d 874) (1987). See also *Yost*, supra at 96 (17). Although appellee argues that his claim for attorney fees and expenses of litigation was first raised July 7, 1986, after the effective date of the statute, the language of OCGA § 9-15-14 (a) establishes that "reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party *against whom* another party has asserted" a meritless claim, defense, or other position. (Emphasis supplied.) It is thus apparent that damages pursuant to OCGA § 9-15-14 can be recovered when the "claim, defense, or other position" for which the statutory penalty is sought was first raised on or after July 1, 1986, regardless of the date of filing the claim in which recovery of the statutory penalty is sought. See *Wilson*, supra at 356; *Ferguson*, supra at 432-434 (2) (a) and (b). Since the "position" forming the basis for appellee's claim for attorney fees and expenses of litigation under OCGA § 9-15-14 first arose in November 1983, OCGA § 9-15-14 was not applicable and thus the trial court erred by awarding appellee $33,254.60 pursuant to that statute. We note the discussion in *Ferguson*, supra at 433, regarding the recoverability of attorney fees and expenses of litigation in a pre-OCGA § 9-15-14 context.

9. Our holding in Division 8 renders it unnecessary for us to address appellant's sixth and twelfth enumerations in Case No. 76283 or

the remaining enumerations in Case No. 76418.

*Judgment affirmed in Case No. 76283. Judgment reversed in Case No. 76418. Birdsong, C. J., McMurray, P. J., Banke, P. J., Benham and Beasley, JJ., concur. Carley and Pope, JJ., concur in Divisions 1, 2, 3, 4, 5, 6, 7 and 9 and in the judgment. Deen, P. J., concurs in part and dissents in part.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

While otherwise concurring with the majority opinion, I must respectfully dissent to Division 8. This court should affirm the trial court's findings that the attorney fees of $33,254.60 awarded were specifically for prosecution of the abusive litigation claim and did not contain, and especially rejected, any claim existing prior to July 1, 1986, for defending the main action. This court must presume that the evidence was before the court, which would authorize a finding of the exact amount of attorney fees. See *Wilson v. Cotton States Ins. Co.*, 183 Ga. 353, 356 (358 SE2d 874) (1987); *Ballenger Corp. v. Dresco Mechanical Contractors*, 156 Ga. App. 425, 432 (274 SE2d 786) (1980); *Carroll v. Johnson*, 144 Ga. App. 750, 752 (242 SE2d 296) (1978); *Florida Rock Indus. v. Smith*, 163 Ga. App. 361, 363 (294 SE2d 553) (1982); *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). See also Patterson, "*Yost v. Torok*: Taking Legal Ethics Seriously," 4 GSU L. Rev. 23 (1988).

DECIDED JUNE 13, 1988 — REHEARINGS DENIED JULY 7, 1988, JULY 19, 1988 AND AUGUST 22, 1988

*William Lewis Spearman, John J. Dalton*, for appellant.
*George J. Polatty, Jr., Kirk M. McAlpin*, for appellee.