77862. ROBERSON v. CENTRAL FIDELITY BANK.
(378 SE2d 698)

BEASLEY, Judge.

Defendant Roberson appeals the dismissal of her counterclaim following plaintiff Central Fidelity Bank's voluntary dismissal without prejudice of its suit for the collection of a debt incurred by Bell, which had been brought to judgment in another state.

The bank sued Roberson on September 22, 1986 under the mistaken belief that she was the debtor Bell. On October 31, Roberson answered and counterclaimed for "malicious use and abuse of process." Having ascertained that Roberson was not the debtor, the bank without leave of court voluntarily dismissed the suit without prejudice on February 17, 1988. On March 14, the bank moved to dismiss the counterclaim. The trial court dismissed the counterclaim after concluding that the tort of abusive litigation created by *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986) to be successful required a favorable determination of the initial claim and that a voluntary dismissal of the main action was not a favorable determination for the defendant.

Appellant Roberson contends that the bank could not dismiss the main claim without leave of court because her pending counterclaim could not stand independently on its own; therefore, the main action was not properly dismissed and is still viable. She alternately maintains that inasmuch as her counterclaim prayed for reasonable attorney fees and costs it also constituted a claim under OCGA § 9-15-14 and as such could stand independently of the main claim.

Appellant's counterclaim, filed approximately four months after *Yost,* clearly articulates a claim for abusive litigation and is thus controlled by the principles set forth in *Moore v. Memorial Med. Center,* 258 Ga. 696 (373 SE2d 204) (1988). A claim of abusive litigation must be pleaded as a compulsory counterclaim or compulsory additional

claim pursuant to OCGA § 9-11-13 (a). *Yost* at 96 (14). It is to be decided in a bifurcated proceeding after the disposition of the underlying action. Id. at 96 (15); *Moore*, supra at 697. A "disposition" for the purposes of a *Yost* claim includes "a voluntary dismissal without prejudice by the plaintiff under OCGA § 9-11-41 (a). Under these circumstances it is not necessary that the underlying action be finally terminated in defendant's favor. The abusive litigation counterclaim may proceed to adjudication on its merits based on all the relevant facts which have occurred to the point of dismissal including the dismissal itself.

"[T]he counterclaim may, at the election of defendant, remain pending without further prosecution until plaintiff refiles a complaint for the underlying action or the time elapses during which he may do so. The defendant may then elect to pursue the pending counterclaim or dismiss it and file another counterclaim in the newly filed lawsuit. If defendant elects to pursue the original counterclaim to judgment it will be res judicata only as to any *Yost* claim embracing facts which occurred up to and including plaintiff's dismissal." *Moore* at 697.

The trial court erred in dismissing appellant's counterclaim on the basis that the voluntary dismissal without prejudice of the main action was not a "disposition" for the purposes of the *Yost* claim.

Inasmuch as we have determined that the counterclaim was improperly dismissed under the trial court's consideration as a *Yost* claim, we need not consider whether it likewise should not have been dismissed under OCGA § 9-15-14.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 2, 1989 —
REHEARING DENIED FEBRUARY 21, 1989 —

*John R. Calhoun, Penny J. Haas*, for appellant.
*Novy & Rumsey, Eugene Novy, R. Craig Henderson*, for appellee.