46074, 46076. VOGTLE v. COLEMAN; and vice versa.
(376 SE2d 861)

HUNT, Justice.

Vogtle appealed to the Court of Appeals from the jury's award of $35,000 to Coleman for abusive litigation and from the trial court's award of $33,254.60 in attorney fees under OCGA § 9-15-14. The Court of Appeals affirmed the award for damages, but reversed the award for attorney fees. *Vogtle v. Coleman*, 188 Ga. App. 159 (372 SE2d 642)(1988). This court granted certiorari on both parties' applications.

In June 1983, Anne Bloomer and others filed suit against Vogtle alleging he had put a fence across a public access that ran across his property to a cemetery and also had allowed his horses to trespass there, damaging some of the grave sites. Vogtle, whose property bordered three sides of the cemetery, added Coleman as a defendant. Coleman's property, while contiguous to Vogtle's, bordered the fourth, north side of the cemetery, but was separated from the cemetery by an old logging road. After much delay, the case was proceeding to trial in 1986, when Coleman filed a cross-claim against Vogtle alleging slander of title and malicious abuse of process for cross-claiming against him. The trial court entered a settlement order dismissing the plaintiffs' claim with prejudice in favor of both Coleman

and Vogtle. Coleman then amended his cross-claim, substituting claims against Vogtle for abusive litigation and for attorney fees under OCGA § 9-15-14. At a pre-trial conference, Coleman elected to pursue damages for wounded feelings under OCGA § 51-12-6.

The trial court directed a verdict of liability for abusive litigation in favor of Coleman; then gave the case to the jury, which awarded Coleman damages. The trial court granted Coleman attorney fees under §§ 9-15-14 and 13-6-11 for having to prosecute the *Yost* issues, but did not award him any attorney fees for defending the underlying action.

1. The trial court correctly allowed Coleman to pursue injuries to peace and feelings under *Yost v. Torok*, 256 Ga. 92, 95 (344 SE2d 414)(1986). There we said:

> we have outlined . . . other elements of recovery, specifically: special damages *other than* attorney fees and expenses of litigation; DAMAGES FOR MENTAL DISTRESS, where there is either wilfulness, or wanton and reckless disregard of consequences which is the equivalent of wilfulness (see *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149 (311 SE2d 818) (1984)); or nominal damages pursuant to OCGA § 51-12-4. [Emphasis in original, capitalization added.]

In a footnote, it was pointed out that "[p]unitive damages [under OCGA § 51-12-5], however, are excluded, as the tort itself is designed as a deterrent." Thus, under *Yost*, damages for mental distress are permitted and the plaintiff-in-*Yost*, may, as did Coleman in this case, elect under *Stepperson v. Long*, 256 Ga. 838 (353 SE2d 461)(1987), to forego actual damages, whether general, special or nominal, and pursue damages for injury to peace, happiness or feelings, as provided in OCGA § 51-12-6. The Court of Appeals properly affirmed the award of damages under this code section in Case No. 46074.

2. Under OCGA § 9-15-14 (a), "reasonable and necessary attorney's fees and expenses of litigation" may be awarded against a party who has asserted a "claim, defense or other position which is *first raised* in the action on or *after July 1, 1986.*" (Emphasis supplied.) The trial court, reasoning that the claim *for attorney fees* was made after the applicable date of the statute, made such an award. The Court of Appeals reversed, holding that attorney fees were not available under the statute because the "position" giving rise to Coleman's claim for attorney fees arose in 1983 when Vogtle brought him into the suit, and was not "first raised" after July 1, 1986, as required by the statute. The Court of Appeals correctly held that attorney fees are not available in this case under OCGA § 9-15-14.

3. Relying on *Ferguson v. City of Doraville*, 186 Ga. App. 430 (367 SE2d 551)(1988), cert. denied, the Court of Appeals also held that attorney fees were not otherwise available under "existing principles of law," as set out in *Yost*, supra at 96, and reversed the trial court's award of attorney fees under OCGA § 13-6-11. See also *Easley v. Clement*, 187 Ga. App. 799, 801 (371 SE2d 416)(1988), aff'd in part, rev'd in part, 259 Ga. 107 (376 SE2d 860)(1989); *Wilson v. Cotton States Mutual Ins. Co.*, 183 Ga. App. 353, 356 (358 SE2d 874)(1987), cert. denied.

The American rule has been that expenses for defending a suit are generally unavailable unless authorized by a specific statute. 1 Harper, James & Gray, Law of Torts, § 4.8 (2d ed. 1986). In Georgia, OCGA § 13-6-11[1] provides for bad faith damages to *plaintiffs* for having to resort to litigation, but no such provision is available to defendants.[2] E.g., *Busbee v. Sellers*, 71 Ga. App. 26 (29 SE2d 710) (1944). In *Ferguson*, supra, 186 Ga. App. at 433, the Court of Appeals, in considering whether "existing principles of law" allowed for the award of attorney fees under *Yost*, stated:

> pre-existing law avails the defendants in the present case very little, because prior to the effective date of OCGA § 9-15-14, the general recoverability of expenses of litigation (including attorney fees) in civil actions was governed by OCGA § 13-6-11, which was not available to a defendant in the absence of a "viable independent counterclaim asserting [a] claim for relief independent of the assertion of the [plaintiff's] harassment, litigiousness and bad faith in bringing . . . suit." *Fla. Rock Indus. v. Smith*, 163 Ga. App. 361, 363 (3) (294 SE2d 553)(1982).

It is true that under the law as it existed at the time of *Yost*, a defendant could not counterclaim against a plaintiff for bad faith and attorney fees under OCGA § 13-6-11 merely for bringing the suit, except as a plaintiff-in-counterclaim where the counterclaim was on an independent ground. E.g., *Hudgins & Co. v. Cole*, 247 Ga. 182, 184 (274 SE2d 462) (1981); *Ballenger Corp. v. Dresco Mechanical Con-*

---

[1] OCGA § 13-6-11 provides:
[t]he expenses of litigation generally shall not be allowed as a part of the damages; . . . where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

[2] While OCGA § 13-6-11 appears in the contracts section of our code, it has been universally applied where the underlying suit is not in contract. E.g., *Clayton v. Deverell*, 257 Ga. 653 (5) (362 SE2d 364) (1987); *Ponce de Leon v. DiGirolamo*, 238 Ga. 188 (2) (232 SE2d 62) (1977); *Williams v. Harris*, 207 Ga. 576 (63 SE2d 386) (1951); *Mosely v. Sanders*, 76 Ga. 293 (1886).

118

*tractors*, 156 Ga. App. 425, 432 (274 SE2d 786) (1980). The reason was aptly summarized in *Ballenger Corp.*, supra at 432:

> [A] defendant cannot recover in a given lawsuit the expenses of defending that suit. *Such a holding would undermine the existence of the malicious use of legal process cause of action.* [Emphasis supplied.]

Thus, although bad faith expenses were not available to defendants or defendants-in-counterclaim, they were not allowed for the reason that a suit for malicious use of process[3] had to be filed as an independent suit.[4]

*Yost* changed all that. Under *Yost*, such claims are to be brought as *compulsory* counterclaims rather than independent suits for the purpose of adjudicating in one lawsuit any claims for abusive litigation and awarding damages for them, if appropriate. In addition, the Court of Appeals has recognized that the *Yost* standards for abusive litigation, rather than the narrow standards for malicious use and abuse of process are to be applied in cases pending when *Yost* was decided.[5] *Ostroff v. Coyner*, 187 Ga. App. 109 (3) (369 SE2d 298)(1988);[6] *Guernsey Petroleum Corp. v. Data General Corp.*, 183 Ga. App. 790 (359 SE2d 920)(1987). Thus, a *Yost* claim, like its predecessors malicious use and abuse of process, is an independent claim

---

[3] This holding, though widely accepted, is curious for the reason that under malicious use and abuse of process, attorney fees and expenses of litigation for having to defend the underlying suit are generally not allowed as an element of damages. *Jacksonville Paper Co. v. Owen*, 193 Ga. 23, 25 (17 SE2d 76)(1941); *Price v. Fidelity Trust Co.*, 74 Ga. App. 836 (2) (41 SE2d 614)(1947). 1 Encyclopedia of Ga. Law, "Abuse of Process," § 20; but see *Taylor v. Greiner*, 247 Ga. 526, 528 n. 2 (277 SE2d 13)(1981); *Goodwin Agency v. Chesser*, 131 Ga. App. 686, 689 (3) (206 SE2d 568) (1974).

[4] Malicious use of process requires termination of the proceeding complained of in favor of the defendant. Malicious abuse of process, however, does not and may be asserted as a counterclaim. E.g., *Southeast Ceramics v. Klem*, 246 Ga. 294, 296 (271 SE2d 199) (1980). See generally 1 Encyclopedia of Ga. Law, §§ 4, 10.

[5] The nomenclature which we have used for these two claims, along with the definition of their constituent elements, have combined to create substantial uncertainty, to the extent that a plaintiff with a bona fide claim might have no effective means of relief against a defendant who employs improper defensive tactics. An element of malicious *abuse* (none of which is stated with full clarity) might fail of proof; a genuine claim for malicious *use* might be lost by reason of conduct of an opposite party which itself constitutes that tort. In either event, there is injury without remedy. . . .

The tort system can (and should) provide within its own structure the means for preventing its abuse. To accomplish this, we now delineate a remedy which will . . . merge by redefinition, the common-law claims of malicious abuse and malicious use." [Emphasis in original.]

*Yost v. Torok*, supra, 256 Ga. at 94-95.

[6] In *Ostroff*, the Court of Appeals correctly held that *Yost*'s principles are properly applied in pending suits, even pending suits for malicious use or abuse of process.

for damages, but it must be asserted as a compulsory counterclaim without regard to whether the claimant is the plaintiff or the defendant in the original suit. *Yost v. Torok*, supra at 96.

Under the decisions cited above, then the *Yost* plaintiff may seek OCGA § 13-6-11 damages for bringing his independent *Yost* counterclaim. Once other damages are shown[7] (see Div. 1, supra), attorney fees and expenses of litigation may be awarded under "existing principles of law" under OCGA § 13-6-11 as pre-dated the passage and effective date of OCGA § 9-15-14.

It follows then that the trial court correctly allowed Coleman these expenses *for prosecuting his Yost claim*, but not for having to defend the underlying counterclaim against him by Vogtle. The Court of Appeals ruled otherwise and must be reversed.[8]

*Judgment in Case No. 46074 affirmed; judgment in Case No. 46076 reversed. All the Justices concur.*

DECIDED MARCH 2, 1989 —
RECONSIDERATION DENIED MARCH 30, 1989.

*Spearman & Gaughen, William Lewis Spearman*, for appellant.
*Polatty & Sullivan, George J. Polatty, Jr., Kirk McAlpin*, for appellee.

[7] In *Terry v. Wonder Seal Co.*, 120 Ga. App. 423 (170 SE2d 745) (1969), the award of attorney fees was reversed because no general, special, or nominal damages were shown that would support her counterclaim for malicious abuse of process. The attorney fee award may have been made under OCGA § 13-6-11's predecessor, Code Ann. § 20-1404.

[8] The statements to the contrary in *Ferguson v. City of Doraville*, supra, 186 Ga. App. at 433, *Easley v. Clement*, supra, 187 Ga. App. at 801, aff'd in part, rev'd in part, 259 Ga. 107, supra and *Wilson v. Cotton States Mutual Ins. Co.*, supra, 183 Ga. App. at 356, must be, and hereby are, overruled.