46070. EASLEY v. CLEMENT.

(376 SE2d 860)

CLARKE, Presiding Justice.

In 1985, Bruce Clement sued Charles Easley for breach of warranties relating to the sale of an airplane. Judgment was entered in favor of Easley in June 1986, before the effective date of OCGA § 9-15-14 and five days after the decision Yost v. Torok, 256 Ga. 92 (344 SE2d 414) (1986). Then in October 1987, Easley filed suit against Clement alleging malicious use of process, violations of OCGA §§ 9-15-14; 13-6-11. The trial court granted summary judgment in favor of Clement.

In Easley v. Clement, 187 Ga. App. 799 (371 SE2d 416) (1988), the Court of Appeals held that Easley was not required to have asserted his claim for malicious use of process as a compulsory counterclaim in the initial suit because OCGA § 9-15-14 was not effective at the time of that action and because Easley could not realistically have asserted a Yost claim since Yost was announced only 5 days before judgment was entered. We affirm this portion of the Court of Appeals' opinion. We also affirm the portions of the Court of Appeals' opinion that hold that summary judgment should not have been granted as to Easley's claim for special damages and that hold that Easley may not recover under OCGA § 9-15-14. However, for the reasons stated in Vogtle v. Coleman, 259 Ga. 115 (___ SE2d ___) (1989), we reverse the portion of the Court of Appeals' opinion that disallowed attorney fees and expenses of litigation under OCGA § 13-6-11 for prosecuting his Yost claim.

One other issue raised by Clement merits comment. Clement argues in this appeal that Easley's claim for attorney fees under OCGA § 13-6-11 is barred by res judicata because that claim was raised and denied in the initial action and no appeal was sought. Certainly, res judicata would bar Easley's claim for attorney fees incurred in defending against the initial action. Moreover, attorney fees for defending against an action are not available under OCGA § 13-6-11 in any event. The only attorney fees and expenses that can be recovered by

Easley are those incurred in prosecuting the second action. See *Vogtle*, supra. The issue of the recoverability of those fees could not have been raised or reached in the first action.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 2, 1989 —
RECONSIDERATION DENIED MARCH 29, 1989.

*James W. McKenzie, Jr.*, for appellant.
*Donald R. Andersen*, for appellee.