A89A1401. KNIGHT et al. v. STEWART et al.
(388 SE2d 9)

CARLEY, Chief Judge.

Appellant-plaintiffs filed a multi-count suit against appellee-defendants. After answering and denying the material allegations of appellants' complaint, appellees Preston and Harold Stewart moved for partial summary judgment and appellee State Farm Mutual Insurance Company (State Farm) moved for summary judgment. Appellants appeal from the trial court's grant of both motions.

1. The relevant facts are as follows: Appellee State Farm issued two separate policies of automobile liability insurance on two separate vehicles owned by appellee Harold Stewart. One of those vehicles was involved in a collision. Appellee State Farm paid out the limits of liability coverage provided under the policy insuring the vehicle that was involved in the collision. The issue that is presented for resolution in this appeal is whether the limits of liability coverage under both policies can be "stacked." Under the language of the two policies, this issue must be decided adversely to appellants. See *Wilson v. Cotton States Mut. Ins. Co.*, 183 Ga. App. 353, 354 (1) (358 SE2d 874) (1987), overruled on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119, fn. 8 (376 SE2d 861) (1989).

2. The policy insuring the vehicle that was involved in the collision provided that appellee State Farm would "not defend any suit after [it had] paid the applicable limit of [its] liability for the accident which is the basis of the lawsuit." Appellants urge that, insofar as appellee State Farm has elected to defend this lawsuit after purporting to pay out the limits of available liability coverage, there must exist some source of additional available liability coverage that appellees have somehow "conspired" to conceal from them. However, appellee State Farm is not electing to defend this lawsuit pursuant to the policy insuring the vehicle that was involved in the collision. Appellants initiated this lawsuit, contending that additional liability coverage was available under the policy insuring appellee Harold Stewart's other vehicle. Accordingly, appellee State Farm is defending itself and its insureds *against* appellants' assertions that the policy insuring the other vehicle is a viable source of additional available liability coverage. Such a defense is certainly in no way inconsistent

with the provisions of the policy insuring the vehicle that was involved in the collision but is, in fact, mandated by appellee State Farm's contractual obligation to provide a defense under the policy insuring the other vehicle. Rather than demonstrating a "conspiracy" to conceal additional available liability coverage, the defense of this lawsuit was necessitated by appellants' allegations that such coverage existed. The trial court correctly granted partial summary judgment in favor of appellees Preston and Harold Stewart and correctly granted summary judgment in favor of appellee State Farm.

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989 —
REHEARING DENIED NOVEMBER 7, 1989 — 

*George P. Graves*, for appellants.
*Blasingame, Burch, Garrand & Bryant, Andrew J. Hill III, N. David Wages*, for appellees.