### A90A2101. WOODALL v. HAYT, HAYT & LANDAU.
(402 SE2d 359)

SOGNIER, Chief Judge.

Kenny R. Woodall filed suit against J. F. Shaw Agency, Inc. ("Shaw"), alleging malicious abuse of process (later amended to allege malicious use of process) in a suit on account previously filed against him by Shaw. Shaw filed a third party complaint against the attorneys who represented it in the prior suit, Hayt, Hayt & Landau ("Hayt"), alleging that Hayt had both filed the action and then dismissed it without authority. Hayt's motion for summary judgment on the main claim was granted by the trial court, and Woodall appeals.

The record reveals that in the prior action, Shaw sought recovery from appellant of an amount allegedly due for an insurance policy premium. Appellant retained an attorney, who indicated to appellee, Shaw's counsel, that appellant had canceled the insurance and thus did not owe the premium; that the statute of limitation barred Shaw's claim; and further, that appellant would make a claim for a fire loss he had sustained if the insurance had not been canceled. After this conversation, and before the filing of an answer, that lawsuit was dismissed.

In the present lawsuit, appellee first moved for summary judgment on the third party claim, which was denied. Appellee then moved for summary judgment on the original main claim of malicious abuse of process, see generally *Empire Shoe Co. v. Nico Indus.*, 197 Ga. App. 411 (1) (398 SE2d 440) (1990), and appellant amended its complaint to allege malicious use of process instead. The trial court did not recite its basis for granting appellee's amended motion for summary judgment on this claim. Nonetheless, regardless of the actual grounds for the trial court's decision, we agree with both parties to this appeal that analysis of the merits of the claim is proper using the elements of the tort of abusive litigation set forth in *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986) and its progeny. See *Vogtle v. Coleman*, 259 Ga. 115, 118 and n. 6 (376 SE2d 861) (1989). We note that although *Yost*, supra, mandates that the abusive litigation claim be filed as a compulsory counterclaim, we have refused to apply the compulsory counterclaim requirement of *Yost* retroactively where, as here, the *Yost* claimant had no opportunity to file his claim as a counterclaim because the prior, allegedly abusive, litigation ended before the Supreme Court's decision in *Yost*. See *Ostroff v. Coyner*, 187 Ga. App. 109, 113-114 (3) (a) (369 SE2d 298) (1988); *Easley v. Clement*, 187 Ga. App. 799, 800 (1) (371 SE2d 416) (1988), aff'd on this ground, 259 Ga. 107 (376 SE2d 860) (1989).

Appellant contends that under the standard set forth in *Yost* for abusive litigation the trial court erred by granting summary judgment to appellee. Although there is no question that the prior action was brought outside the applicable statute of limitation and appellee appears to concede in its brief on appeal that it was not meritorious, appellee argues vigorously that summary judgment in its favor was proper because institution of the action was a mistake which was corrected promptly by voluntary dismissal of the action even before an answer had been filed, and thus was not abusive litigation.

OCGA § 51-7-82 (a), which was enacted as part of Article 5 of Title 51, Chapter 7 (Ga. L. 1989, p. 408), provides that it is a complete defense to any claim for abusive litigation that the suit was voluntarily dismissed "prior to a ruling by the court relative to the civil proceeding, claim, defense, motion, appeal, civil process, or other po-

sition, whichever shall first occur." However, because appellant's action was filed before April 3, 1989, the effective date of OCGA § 51-7-80 et seq., and OCGA § 51-7-85 provides that the article shall not affect claims filed prior to its effective date, OCGA § 51-7-80 does not control this case. Looking to the applicable case law, we find that in *Moore v. Memorial Med. Center*, 258 Ga. 696 (373 SE2d 204) (1988) the Supreme Court indicated that a common law *Yost* claim *may* be maintained after voluntary dismissal of the underlying lawsuit. See also *Roberson v. Central Fidelity Bank*, 190 Ga. App. 382 (378 SE2d 698) (1989). Accordingly, summary judgment in appellee's favor was not proper on this basis. Id.

Appellee also argues that the grant of summary judgment was proper because absent proof of malice, physical injury is required for recovery of damages. While we agree with that abstract statement of the law, we find that in the case sub judice a fact question exists whether appellee's action in filing suit was wilful or was undertaken with conscious disregard for the consequences so as to support appellant's claim for damages under OCGA § 51-12-6. *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 252 Ga. 149 (311 SE2d 818) (1984). See generally *Vogtle*, supra at 116 (1). Like the *Yost* claimant in *Wheat v. First Union Nat. Bank*, 196 Ga. App. 26, 27-28 (2) (395 SE2d 351) (1990), appellant elected to seek damages only under OCGA § 51-12-6, which was expressly approved in *Vogtle*, supra. However, unlike the movant in *Wheat*, in the case at bar appellee's motion for summary judgment was not supported by evidence that its actions forming the basis of the *Yost* claim were unintentional and not wilful, wanton, or in reckless disregard of consequences. Accordingly, appellee has not pierced those portions of appellant's amended complaint alleging harassment and malice. The material question remaining for jury determination whether appellee acted with malice to harass appellant, the trial court erroneously granted summary judgment to appellee. See generally *Boss v. Food Giant*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989).

*Judgment reversed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 19, 1991.

*Greene & Davis, H. Darrell Greene, Paul Shimek III*, for appellant.

*Garvis L. Sams, Jr., Freeman & Hawkins, T. Ryan Mock, Jr.*, for appellee.